IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **MELISSA GARDNER** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-100 |
| | ) | |
| | ) | |
| **TITLEMAX OF MISSOURI, INC.,** | ) | |
| **d/b/a TITLEMAX** | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION:

Pursuant to 28 U.S.C. § 1441, *et seq.* TitleMax of Missouri, Inc. d/b/a TitleMax ("TitleMax"), hereby provides notice of removal of this action from the Circuit Court of Jackson County, Missouri, where the case is currently pending, to the United States District Court for the Western District of Missouri. In support thereof, TitleMax states the following:

1. A defendant has a right of removal where an action is brought in state court over which the district court has original jurisdiction. *See* 28 U.S.C. § 1453.

2. As outlined below, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), in that there is minimal diversity of citizenship, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the putative class exceeds 100 persons.

## I. INTRODUCTION

3. On or about November 5, 2010, an action was commenced against TitleMax in the Circuit Court of Jackson County, Missouri, styled *Melissa Gardner vs. TitleMax of Missouri, Inc., d/b/a TitleMax,* Case No. 1016-CV33719 (the "Lawsuit").

4. Plaintiff's petition (the "Petition") alleges that TitleMax violated R.S.Mo. § 367.500 *et seq.*, which governs title lenders, by failing to provide its customers certain statutorily required notice provisions. A copy of the Petition is attached hereto as **Exhibit 1**. Plaintiff alleges that failing to comply with Section 367.500 *et seq.* is a violation of the Missouri Merchandising Practices Act. *See* Ex. 1 at ¶¶ 71-111.

5. Plaintiff further alleges that TitleMax's arbitration provision is unconscionable and unenforceable. *Id.* at ¶¶ 37-70.

6. The Petition seeks to certify a class of all Missouri residents that entered into loans with TitleMax at five separate TitleMax stores from September 4, 2008 through November 4, 2010. *Id.* at ¶ 26.

7. The Petition seeks, among other things, (1) a declaratory judgment that TitleMax's arbitration clause is unconscionable; (2) a declaratory judgment that all loans and liens must be declared void; (3) disgorgement of all money received in excess of the principal loan amount; (4) awarding all fees or interest illegally charged; and (5) awarding attorneys' fees and costs. *Id.* at Prayer For Relief (A)-(I).

## II. THIS NOTICE OF REMOVAL IS TIMELY

8. This Notice Of Removal meets all necessary procedural requirements for removing class actions pursuant to CAFA (28 U.S.C. § 1332(d)) and 28 U.S.C. § 1453.

9. The Petition pleads a "class action" within the meaning of CAFA because it was filed pursuant to Missouri Rule of Civil Procedure 52.08, which authorizes an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). The Petition contains class allegations and expressly seeks certification of Plaintiff's proposed class. *See* Ex. 1 at ¶¶ 21-36.

10. The Lawsuit is a civil action and has not been tried.

11. Plaintiff has not served TitleMax with summons or a copy of the Petition.

12. Because there has been no service of process, the 30-day time period to file a notice of removal has not begun to run. Thus, removal is timely. *See* 28 U.S.C. § 1446(b); *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 931 (E.D. Tenn. 2002) (holding that 28 U.S.C. § 1446(b) permits filing a notice of removal prior to being served with process).

## III. DIVERSITY OF CITIZENSHIP

13. For the purposes of diversity jurisdiction and removal under 28 U.S.C. § 1332(d)(2)(A), as amended by CAFA, minimal diversity of citizenship is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant;" or "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(A) & (C).

14. At the time this action was commenced and at all times since, Plaintiff Melissa Gardner is an individual domiciled in the State of Missouri. *See* Ex. 1 at ¶ 1. Therefore, for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Plaintiff is a citizen of the State of Missouri.

15. For diversity jurisdiction purposes, a business organized as a corporation is "deemed to be a citizen of any State by which it has been incorporated" and also "of the State

where it has its principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306, 126 S.Ct. 941, 946 (2006) (citing U.S.C. 28 § 1332(c)(1)).

16. At the time this action was commenced and at all times since, TitleMax was and continued to be a corporation organized and existing under the laws of the State of Delaware. TitleMax's principal place of business is in Savannah, Georgia. *See* Declaration of Gwen Bulington at ¶ 3, attached hereto as **Exhibit 2**. Therefore, for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441, TitleMax is a citizen of either Delaware or Georgia.

17. This Lawsuit satisfies CAFA's minimal diversity requirement because: (1) Plaintiff and putative class members are citizens of Missouri and TitleMax is a citizen of a different state. *See* 28 U.S.C. § 1332(d)(2)(A) & (B).

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

18. A party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009). Under the preponderance standard, "the jurisdictional fact is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Id.* at 959 (emphasis original) (internal citations and punctuations omitted).

19. In order to ensure that any attempt to remove will be unsuccessful, a plaintiff must file a binding stipulation that she will not seek damages greater than the jurisdictional amount upon remand. *Id*.

20. However, because Missouri state law does not limit the amount a plaintiff may seek at trial to that which is stated in the prayer for damages, a general *ad damnum* clause is not a "binding stipulation" such that it defeats diversity jurisdiction by necessarily limiting the

amount in controversy to less than the jurisdictional requirement. *Id.*; *Johnson v. Texas Roadhouse Holdings, LLC*, 2010 WL 4177655, *3 (E.D. Mo. Oct. 20, 2010).

21. Here Plaintiff did not file a binding stipulation that the class will accept less than the jurisdictional amount. Instead, she simply stated that "the amount in controversy, in the aggregate, does not exceed $5,000,000.00." *See* Ex. 1 at ¶ 25.

22. Moreover, Plaintiff's attempt to defeat diversity jurisdiction by limiting the amount in controversy is impermissible because a putative class representative "has no right to limit or compromise the recovery of a class without Court approval, particularly before she has even been approved as a representative for the class." *Bass v. Carmax Auto Superstores, Inc.*, 2008 WL 441962, *2 (W.D. Mo. Feb. 14, 2008); *see also McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10CV746MLM, 2010 WL 239950, at *3 (E.D. Mo. June 10, 2010); *Robinson v. Regions Bank, Inc.,* No. 6:10CV03334RED, at *3-4 (W.D. Mo. January 11, 2011).

23. Plaintiff seeks an order "that all liens and loans entered into contrary to Missouri loan statutes be declared void pursuant to Missouri Revised Statutes 367.527.1.7 and 367.527.2." *See* Ex. 1, Prayer For Relief at ¶ C.

24. When an action places the validity of a contract as a whole at issue, the amount in controversy is the potential value of full performance. *Home Ins. Co. of New York v. Trotter*, 130 F.2d 800 (8th Cir. 1942); *see also Snyder v. Harris*, 394 U.S. 332, 354 89 S.Ct. 1053, 1066 n. 20 (1969) (Fortas, J. and Douglas, J dissenting) (citing *Landers Frary & Clark v. Vischer Products Co.*, 201 F.2d 319 (7th Cir. 1953), *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653 (10th Cir. 1946), and *Davis v. American Foundry Equip. Co.*, 94 F.2d 441, 115 A.L.R. 1486 (7th Cir. 1938)).

25. Thus, when a plaintiff seeks to have a loan declared void, it is appropriate to include both interest charged and interest contracted to be charged in the amount in controversy calculation. *Parris v. Mego Mortgage Corp.,* 14 Fed. Appx. 394, 396 (6th Cir. 2001); *see also Rosen v. Chrysler Corp.,* 205 F.3d 918, 921-922 (6th Cir. 2000) (holding that in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy).

26. From September 4, 2008 through and including November 4, 2010, the five TitleMax stores referenced in the Petition, which are all located in Jackson County, Missouri, originated 2,196 separate new consumer installment loans (collectively, the "Jackson County Loans"). Declaration of Gina Baker at ¶ 2, attached hereto as **Exhibit 3.** Those five stores identified in the Petition are: (a) 10704 E. U.S. Highway 24, Sugar Creek, Missouri, 64054; (b) 760 Ne S. 291 Hwy., Lee's Summit, Missouri 64086; (c) 9004 E. State Route 350, Raytown, Missouri 64133; (d) 16820 E. Hub Drive South, Independence, Missouri, 64055; and (e) 923 West 40 Hwy., Blue Springs, Missouri 64105. Ex. 1 ¶¶ 4, 26.

27. The principal amount for the Jackson County Loans is $3,425,089.76. *See* Ex. 3. at ¶ 3.

28. The total contractual interest for the Jackson County Loans is $10,678,059.84. *See* Ex. 3 at ¶ 5.

29. Thus, the contractual value (principal + total interest) of the Jackson County Loans is $14,103,149.60. *See* Ex. 3 at ¶ 6.

30. Plaintiff also seeks an order "that Defendant disgorge all money collected from Plaintiff and all Class Members in excess of the amount of the principal loaned to Plaintiff and the Class Members. *See* Petition, Prayer For Relief at ¶ D. From September 4, 2008 until

November 4, 2010, TitleMax received at least $1,641,899.55 in interest on the principal amount loaned. *See* Ex. 3 at ¶ 7.

31. Plaintiff further seeks attorneys' fees as provided by the Missouri Merchandising Practices Act, R.S.Mo. § 407.010 *et seq*. In determining whether attorneys' fees are reasonable, the Eighth Circuit looks at twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances. (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hardman v. Board of Educ. of Dollarway, Arkansas School Dist.*, 714 F.2d 823, 825 (8th Cir. 1983).

32. A recent consumer fraud class action resulted in an attorneys' fee and costs award of $950,000. *See e.g.*, *Hooper v. Advance America, Cash Advance Centers of Missouri, Inc.*, Case No.: 08-4045-NKL (W.D.Mo. Nov. 4, 2010). A copy of Judge Laughrey's Order analyzing the twelve factors is attached hereto as **Exhibit 4.**

33. Plaintiff purportedly waived her right to seek punitive damages for the class. *See* Ex. 1, Prayer For Relief at ¶ E. But as noted in above, Plaintiff has no legal right to assert this stipulation. *See, e.g.*, *Bass,* 2008 WL 441962, at *2. Thus, these potential damages should be considered in determining the amount in controversy.

34. Under Missouri law, a plaintiff can recover punitive damages in an amount up to Five-Hundred Thousand Dollars ($500,000) or five times the net amount of the judgment awarded to the plaintiff, whichever is greater. *See* R.S.Mo. § 510.265.

7

35. Plaintiff is seeking at least $1,641,899.55 in disgorgement from TitleMax. Under Missouri law, punitive damages can be up to five times this amount, which would be, at a minimum, $8,209,497.75. *See* R.S.Mo. § 510.265.

36. Thus, the jurisdictional amount is clearly met.

## V. THE CLASS CONSISTS OF MORE THAN 100 MEMBERS

37. For a class action to be removable under CAFA, the proposed class must consist of 100 or more persons. *See* 28 U.S.C. § 1332 (d)(5)(B); 28 U.S.C. § 1711 ("class members" means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action).

38. Plaintiff purports to bring a class action on behalf of "[a]ll Missouri residents, other than the Defendant and its officers and directors, representatives, employees and agents, who, at any time between September 4, 2008 and November 4, 2010, have entered into a title loan agreement with TitleMax at any of the following Jackson County locations: 10704 E. U.S. Highway 24, Sugar Creek, Missouri, 64054[;] 760 Ne S. 291 Hwy., Lee's Summit, Missouri 64086[;] 9004 E. State Route 350, Raytown, Missouri 64133[;] 16820 E. Hub Drive South, Independence, Missouri, 64055[;] 923 West 40 Hwy., Blue Springs, Missouri 64105." *See* Ex. 1 at ¶ 26.

39. From September 4, 2008 through November 4, 2010, TitleMax originated 2,196 separate new consumer installment loans from the above locations.[1] *See* Ex. 3 at ¶ 2. The number of potential class members is, therefore, greater than 100.

---

[1] As established in TitleMax's Motion to Dismiss, which is being filed contemporaneously with this Notice of Removal, these loans are not "title loans" as claimed by Plaintiff. Instead, they are consumer installment loans governed by R.S.Mo. § 408.510.

8

Case 4:11-cv-00100-NKL   Document 1   Filed 01/27/11   Page 8 of 12

## VI. NONE OF THE EXCEPTIONS TO REMOVAL UNDER CAFA APPLY

40. Because TitleMax has met its burden to establish the substantive requirements of CAFA, the burden falls on Plaintiff to rebut the removal presumption and show that the exceptions to removal apply.

### A. The Home State Exception Does Not Apply

41. Under CAFA, a district court must refuse to exercise original jurisdiction over an action if more than two-thirds (2/3) of all proposed class members, and the primary defendants, are all citizens of the state in which the action was originally filed (the "Home State Exception"). *See* 28 U.S.C. § 1332(d)(4)(B).

42. Plaintiff's proposed class is defined as "[a]ll Missouri residents, other than the Defendant and its officers and directors, representatives, employees and agents, who, at any time between September 4, 2008 and November 4, 2010, have entered into a title loan agreement with TitleMax[.]" *See* Ex. 1 at ¶ 26.

43. The proposed class is limited to "Missouri residents," therefore it necessarily follows that more than two-thirds (2/3) of the putative class members are citizens of Missouri. But TitleMax, the lone defendant, is not a Missouri citizen. For diversity purposes, it is a Delaware or Georgia citizen.

44. Therefore, the Home State Exception does not apply to mandate remand of this Lawsuit.

### B. The Local Controversy Exception Does Not Apply

45. Under CAFA, a district court must refuse to exercise original jurisdiction over an action if:

    a. more than two-thirds (2/3) of all proposed class members are citizens of the state in which the action was originally filed; and at least one defendant is:

       i. one from whom significant relief is sought, <u>and</u>

      ii. one whose alleged conduct forms a significant basis for the claims asserted, <u>and</u>

     iii. one who is a citizen of the state in which the action was originally filed; <u>and</u>

  b. during the prior three years, no other class action has been filed asserting the same or similar allegations against any of the defendants on behalf of the same or other persons (the "Local Controversy Exception").

28 U.S.C. § 1332(d)(4)(A).

46. The Local Controversy Exception does not apply to this case because, this action was originally filed in Missouri and for diversity purposes TitleMax is a Delaware and Georgia citizen.

### C. The Discretionary Exception Does Not Apply

47. CAFA grants federal courts a degree of discretion to decline jurisdiction in the interest of justice but only in cases where more than one-third (1/3), but less than two-thirds (2/3), of plaintiffs and all "primary defendants" are citizens of the state where the action is filed. 28 U.S.C. § 1332(d)(3).

48. The Discretionary Exception does not apply to this case because greater than two-thirds of the plaintiffs are Missouri citizens and because TitleMax is a Delaware and Georgia citizen for diversity purposes.

## VII. OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

49. Written notice of the filing of this Notice Of Removal is concurrently being given to all adverse parties as required by law. A true and correct copy of this Notice Of Removal and

Notice Of Filing of Notice of Removal is concurrently being filed with the Clerk of the Court of the County of Jackson, Missouri, as required by 28 U.S.C. § 1446(d).  *See* Notice Of Filing Notice Of Removal attached hereto as **Exhibit 5**.

50. Attached hereto as **Exhibit 6** and incorporated herein by this reference is a true and complete copy of the Court's file from the Circuit Court of Jackson County, Missouri, as obtained by Defendant.

51. There are no co-defendants in the Lawsuit.  Regardless, consent of co-defendants for removal is not required, pursuant to 28 U.S.C. § 1453(b).

52. TitleMax has not yet filed a responsive pleading to the Petition in this Lawsuit.

53. Venue is proper in this district in that the Circuit Court of Jackson County is within the Western District of Missouri, Western Division.

WHEREFORE, Defendant TitleMax provides notice that this action is removed from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri, Western Division, for the exercise of jurisdiction over this action as though this action had originally been instituted in this Court.

Dated: January 27, 2011.    Respectfully submitted,

HUSCH BLACKWELL LLP


By:    /s/ Stephen J. Torline
    Stephen J. Torline    Mo. Bar #49483
    Sean D. Tassi    Mo. Bar #59718
    Husch Blackwell LLP
    4801 Main, Suite 1000
    Kansas City, Missouri  64112
    (816) 983-8000
    (816) 983-8080 (FAX)
    stephen.torline@huschblackwell.com
    sean.tassi@huschblackwell.com

***Attorneys for TitleMax***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 27th day of January, 2011, by first class mail, postage prepaid to:

Dirk Hubbard
Amir Ardebili
Hubbard & Ardebili, L.L.C.
256 NE Tudor Road
Lee's Summit, Missouri  64086

Gene P. Graham, Jr.
White, Allinder, Graham, Buckley & Carr, L.L.C
19049 East Valley View Parkway, Suite C
Independence, Missouri 64055

*Attorneys for Plaintiff*


    /s/ Stephen J. Torline
    Attorney