IN THE UNITED STATES DISTRICT COURTS
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MELISSA GARDNER, | ) | |
| LISA DUCKWORTH, | ) | |
| MARGARET VANOSTER, and | ) | |
| ANGELA COLEMAN, | ) | |
| Individually and on Behalf of All | ) | |
| Others Similarly Situated | ) | |
| | ) | |
| Plaintiffs | ) | Case No. 4:11-CV-00100-NKL |
| | ) | |
| -vs- | ) | Plaintiffs Demand Jury Trial |
| | ) | |
| TITLEMAX OF MISSOURI, INC., | ) | |
| d/b/a TITLEMAX | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiffs Melissa Gardner, Lisa Duckworth, Margaret Vanoster, and

Angela Coleman, individually and on behalf of the putative Class of similarly situated

individuals described in this First Amended Complaint, and, by and through counsel, bring

this action against Defendant TitleMax of Missouri, Inc. ("TitleMax of Missouri" or "TitleMax"

or "Defendant"), as a result of Defendant's holding itself out to Plaintiffs, Class Members,

and the public as a title lender issuing title loans and for violations of the Missouri

Merchandising Practices Act (Mo.Rev.Stat. 407.010) and the laws governing title lenders

(Mo.Rev.Stat. 367.500 et seq.).

## Parties

1.    Plaintiff Melissa Gardner is an individual who resides in Richmond, Missouri.

2.    Plaintiff Lisa Duckworth is an individual who resides in Liberty, Missouri.

3.    Plaintiff Margaret Vanoster is an individual who resides in Richmond,

-1-

Missouri.

4.    Plaintiff Angela Coleman is an individual who resides in Farmington, Missouri.

5    Defendant TitleMax of Missouri is a corporation which operates in the State of Missouri.

6    Defendant TitleMax of Missouri does business, in part, under the name "TitleMax."

7    Defendant TitleMax of Missouri owns and operates the TitleMax locations in the State of Missouri as follows:

(a)    10704 E. US Highway 24, Sugar Creek, Missouri, 64054

(b)    760 Ne. S. 291 Hwy., Lee's Summit, Missouri 64086

(c)    9004 E. State Route 350, Raytown, Missouri 64133

(d)    16820 E. Hub Drive South, Independence, Missouri 64055

(e)    923 West 40 Hwy., Blue Springs, Missouri 64015

(f)    300 East US Highway 69, Kansas City, Missouri 64119

(g)    809 East North Avenue, Belton, Missouri 64012

(h)    342-A South 291 Highway, Liberty, Missouri 64068

(i)    204 North Kingshighway, Cape Girardeau, Missouri 63701

(j)    402 North State Street, Desloge, Missouri 63601

(k)    13662 Manchester Road, St. Louis, Missouri 63131

(l)    3227 South Kingshighway Boulevard, St. Louis, Missouri 63139

(m)    1827 North Glenstone Avenue, Springfield, Missouri 65803

(n)    1311 North Grand Boulevard, St. Louis, Missouri 63106

-2-

(o)     10415 Watson Road, Sunset Hills, Missouri, 63127

(p)     785 North Highway 67, Florissant, Missouri, 63031

(q)     3850 West Clay Street, St. Charles, Missouri, 63303

(r)     1889 South Old Highway 94, St. Charles, Missouri, 63303

(s)     3600 North Lindbergh Boulevard, Saint Ann, Missouri 63074

(t)     11449 St. Charles Rock Road, Bridgeton, Missouri, 63044

(u)     12865 New Halls Ferry Road, Florissant, Missouri, 63033

(v)     301 Hoven Drive, Pacific, Missouri, 63069

(w)     9814 West Florissant Avenue, St. Louis, Missouri, 63136

(x)     1330 Highway K, O'Fallon, Missouri, 63366

(y)     15209 Manchester Road, Ballwin, Missouri, 63011

(z)     503 South Main Street, O'Fallon, Missouri 63366

(aa)    2629 Gravois Avenue, St. Louis, Missouri, 63118

(bb)    302 South Truman Boulevard, Crystal City, Missouri, 63019

(cc)    4023 Jeffco Boulevard, Arnold, Missouri, 63010

(dd)    6259 Ronald Reagan Drive, Lake St. Louis, Missouri 63367

(ee)    7742 Watson Road, Shrewsbury, Missouri 63119

(ff)    8640 Airport Road, Berkeley, Missouri 63134

(gg)    2474 Chambers Road, Moline Acres, Missouri 63136

(hh)    9640 Natural Bridge Road, Berkeley, Missouri 63134

(ii)    1 North Oaks Plaza, Suite B, St. Louis, Missouri 63121

(jj)    170 Gravois Bluff Circle, Suite E, Fenton, Missouri 63026

(kk)    4510 Gravois Village, High Ridge, Missouri, 63049

-3-

(ll)     160 Magee Street, Troy, Missouri, 63379

(mm)   1325 West Kearney Street, Springfield, Missouri 65803

(nn)    215 West Karsch Boulevard, Farmington, Missouri 63640

(oo)    6212 Dr. Martin Luther King Drive, Suite D, Wellston, 63133

(pp)    2749 North Highway 67, Florissant, Missouri, 63033

(qq)    7405 West Florissant Avenue, St. Louis, Missouri, 63136

(rr)     9721 Manchester Road, St. Louis, Missouri, 63119

8       This Court has jurisdiction and venue pursuant to Defendant's removal of this action from Jackson County Circuit Court in the State of Missouri and because many of the actions complained of occurred within the Western District of the State of Missouri.

## Common Facts

9.      Defendant offers to lend money at high rates of interest.

10.     Defendant TitleMax issues loans secured by motor vehicle titles.

11.     Defendant TitleMax markets the loans secured by motor vehicle titles that it offers as "title loans."

12.     Defendant markets itself as a title lender that issues title loans, including, but not limited, to the following:

a.     TitleMax's television commercials aired in the State of Missouri advertise "title loans" issued by TitleMax.

b.     On the stand-alone, giant sign in front of the Sugar Creek location of TitleMax, in large letters under the "TitleMax" sign are the words" "TITLE LOANS."

c.     On the store-front sign at the Sugar Creek location of TitleMax, in

-4-

large letters under the "Titlemax" sign are the words" "TITLE LOANS."

d.      On the store front of the Lee's Summit location for TitleMax, in large letters under the "Titlemax" sign are the words" "TITLE LOANS."

e.      Upon information and belief, all or substantially all of the TitleMax locations in the State of Missouri have a sign or signs containing the words "TITLE LOANS"

f.      In the Kansas City Metro Yellowbook, 2010 Edition, the Sugar Creek TitleMax location is listed under the heading "Title Loans"

g.      Upon information and belief, several TitleMax locations in the State of Missouri are listed in phone books by TitleMax under the heading "Title Loans."

h.      At TitleMax's Sugar Creek location, the phone is answered by TitleMax employees as follows: "We are having a great day here at TitleMax. Can we interest you in a title loan today?"

i.      Upon information and believe, all or substantially all of the TitleMax locations in the State of Missouri answer the phone with the question "Can we interest you in a title loan today?"

j.      The TitleMax website notes as follows: "TitleMax is a privately-owned business based in Savannah, Georgia. The Company is one of the largest title lending companies in the United States with more than 500 Stores in seven states."

k.      On the home page of this TitleMax website is the following: "TitleMax has a quick and easy approval process with no credit check."

-5-

l.       Under "Consumer Info," the TitleMax website notes as follows: "No Credit Check: Transactions are based on the customer's collateral, not his credit. TitleMax does not check credit before doing a transaction nor does it affect a customer's credit score in the event of default."

m.       Under the FAQs, the TitleMax website includes the following:

(1)     "**What is a title loan/pawn?** A title loan/pawn is a quick and convenient way for people who own their cars without any liens (i.e., a lien-free title) to get cash using the car as collateral. It allows consumers to use an asset they own (their car) to solve short-term cash flow problems. Without title lending, many consumers would be forced to sell their vehicle in a time of need, probably at a discount."

(2)     "**What if I have bad credit?** Don't worry! TitleMax is here for people with bad credit. In fact, your credit history is not a factor in the title transaction approval process. Your credit will not be affected for a title transaction or after obtaining one."

(3)     "**What is required to be approved for a title transaction?** . . .."

(4)`    "**Why acquire funds from a title lender/pawnbroker**? A title transaction enables you to acquire funds based on the value of your car but without actually losing its use. The process is based on collateral, not credit."

-6-

(5) **"Aren't title transaction rates considered high?** Not if you consider that title lenders/pawnbrokers do not base their loan decision on your credit.  TitleMax transaction are non-recourse, don't allow for deficiency balances, and don't require collision insurance on the vehicle used as collateral."

n. Using the store locator at this same TitleMax website, the consumer is directed to the Missouri locations, including Sugar Creek.

13. TitleMax has also admitted as follows in the business license applications it has submitted in the State of Missouri:

a. On or about December 1, 2010, TitleMax CEO, Secretary, and Treasurer Tracy Young signed the business license application for the TitleMax location on 7 Highway in Blue Springs, Missouri, certifying that the information given in the application was true to the best of CEO Young's knowledge and belief.  In the business application, TitleMax included "Title Loans" as one of its types of business.

b. On or about July 30, 2010, TitleMax CEO, Secretary, and Treasurer Tracy Young signed the business license application for the TitleMax location on 40 Highway in Blue Springs, Missouri, certifying that the information given in the application was true to the best of CEO Young's knowledge and belief.  In the business application, TitleMax included "Title Loans" as its one of its types of business.

c. On or about September 15, 2009, a TitleMax Branch Manager signed the business license application for the TitleMax location on 350

-7-

Highway in Raytown, Missouri, declaring under penalty of law that the information given in the application was true and correct to the best of that Branch Manager's knowledge and belief. In the business application, TitleMax stated "Title Lending" as its "nature of business."

d. On a 2010 business license application for the TitleMax location on 24 Highway in Sugar Creek, Missouri, Store Manager Quinton Bryson signed and described TitleMax's business at that location as "Title Pawn".

e. On a 2007 business license application for the TitleMax location in Cape Girardeau, Missouri, TitleMax stated as follows as a "Brief Description Of Business Activity": "Title loans on customer's vehicle."

f. On a March 2, 2010, business license application for the TitleMax location in Desloge, Missouri, TitleMax stated its type of business to be "Title Pawn."

14. Defendant has also admitted as follows in its corporate reports:

a. In its Second Quarter 2010 Earnings Conference Call, Defendant's then-parent company TMX Finance LLC noted as follows: "In South Carolina, Missouri, and Illinois, title loans receivable consist of 24-month ***title loans*** with payments of principal and interest due on a monthly basis." (Emphasis added).

b. In the Notes to Interim Consolidated Financial Statements for three and six months ended June 30, 2010 and 2009, Defendant's then-parent company TMX Finance LLC noted as follows: "In South

-8-

Carolina, Missouri, and Illinois, title loans receivable consist of 24-month ***title loans*** with payments of principal and interest due on a monthly basis." (Emphasis added).

c.    In the Notes to Interim Consolidated Financial Statements for three and six months ended June 30, 2010 and 2009, Defendant's then-parent company TMX Finance LLC noted as follows: "The Company has 13 wholly-owned ***title-lending subsidiaries***: . . . TitleMax of Missouri, Inc. . . . " (Emphasis added).

15.    Plaintiff Melissa Gardner saw the "title loans" sign outside of TitleMax.

16.    On October 8, 2010, Melissa Gardner visited TitleMax's Sugar Creek location.

17.    In the TitleMax Sugar Creek location on that date, the TitleMax employee asked Melissa Gardner if she was interested in obtaining a "title loan" from TitleMax.

18.    Melissa Gardner at that time took out a title loan from TitleMax to help with payment of her bills.

19.    On October 8, 2010, Defendant loaned Melissa Gardner $813.50 at 155.9908% interest.

20.    Defendant required a title to Melissa Gardner's car as security for the loan.

21.    The terms of the loan contract stated that Melissa Gardner was to make twenty-four (24) monthly payments for a total of $2,681.20.

22.    The loan number on the Defendant's loan to Melissa Gardner is 10383188.

23.    Plaintiff Lisa Duckworth saw several TitleMax television commercials aired in Missouri.

-9-

24.     The TitleMax' commercials viewed by Lisa Duckworth in the State of Missouri advertised "title loans" issued by TitleMax.

25.     Lisa Duckworth also saw the "title loans" sign outside of TitleMax's Liberty, Missouri location.

26.     On September 24, 2010, Lisa Duckworth visited TitleMax's Liberty location.

27.     In the TitleMax Liberty location on that date, the TitleMax employee asked Lisa Duckworth if she was interested in obtaining a "title loan" from TitleMax.

28.     Lisa Duckworth at that time took out a title loan from TitleMax to help with payment of her bills.

29.     On September 24, 2010, Defendant loaned Lisa Duckworth $363.50 at 155.6819% interest.

30.     Defendant required a title to Lisa Duckworth's car as security for the loan.

31.     The terms of that loan contract stated that Lisa Duckworth was to make twenty-four (24) monthly payments for a total of $1,195.32.

32.     The loan number on this first of Defendant's loans to Lisa Duckworth is 10267851.

33.     On October 18, 2010, Lisa Duckworth visited TitleMax's Liberty location.

34.     In the TitleMax Liberty location on that date, the TitleMax employee asked Lisa Duckworth if she was interested in obtaining a "title loan" from TitleMax.

35.     Lisa Duckworth at that time took out a title loan from TitleMax to help with payment of her bills.

36.     On October 18, 2010, Defendant loaned Lisa Duckworth $600.00 at 155.98971% interest.

-10-

37.     Defendant required a title to Lisa Duckworth's car as security for the loan.

38.     The terms of that loan contract stated that Lisa Duckworth was to make twenty-four (24) monthly payments for a total of $1,977.01.

39.     The loan number on this second of Defendant's loans to Lisa Duckworth is 10447981.

40.     Plaintiff Margaret Vanoster saw several TitleMax television commercials aired in Missouri.

41.     The TitleMax' commercials viewed by Margaret Vanoster in the State of Missouri advertised "title loans" issued by TitleMax.

42.     Margaret Vanoster also saw the "title loans" sign outside of TitleMax's Excelsior Springs, Missouri location.

43.     On January 13, 2011, Margaret Vanoster visited TitleMax's Excelsior Springs location.

44.     In the TitleMax Liberty location on that date, the TitleMax employee asked Margaret Vanoster if she was interested in obtaining a "title loan" from TitleMax.

45.     Margaret Vanoster at that time took out a title loan from TitleMax to help with payment of her bills.

46.     On January 13, 2011, Defendant loaned Margaret Vanoster $2,213.50 at 131.5122% interest.

47.     Defendant required a title to Margaret Vanoster's car as security for the loan.

48.     The terms of that loan contract stated that Margaret Vanoster was to make twenty-four (24) monthly payments for a total of $6,344.80.

49.     The loan number on Defendant's loan to Margaret Vanoster is 11143828.

50.     Plaintiff Angela Coleman saw several TitleMax advertisements in Missouri.

51.     The TitleMax' advertisements seen by Angela Coleman in the State of Missouri advertised "title loans" issued by TitleMax.

52.     Angela Coleman also saw the "title loans" sign outside of TitleMax's location.

53.     Angela Coleman visited the TitleMax location in Farmington, Missouri.

54.     In that TitleMax location, the TitleMax employee asked Angela Coleman if she was interested in obtaining a "title loan" from TitleMax.

55.     Angela Coleman at that time took out a title loan from TitleMax to help with payment of her bills.

56.     Defendant loaned Angela Coleman at a high rate of interest in excess of 100%.

57.     Defendant required a title to Angela Coleman's car as security for the loan.

58.     The terms of that loan contract stated that Angela Coleman was to make twenty-four (24) monthly payments.

59.     The loan number on Defendant's loan to Angela Coleman is unknown at this time.

60.     Defendant provided loans to each Plaintiff and all Class Members that fall within the regulation of the Title Loan Statutes in place in Missouri.

61.     The standardized loan form used by Defendant with each Plaintiff and all Class Members did not comply with Title Loan Statutes of the State of Missouri.

62.     Each loan to Plaintiffs and other Class Members posed a serious risk to their financial and emotional security because if Plaintiffs and Class Members unable to pay, they would lose their car, often their only asset and their transportation to work.

-12-

63. The Missouri Legislature has passed several laws which attempt to protect the customers of title lenders from the potential hazards of title loans. These statutes include:

      a.    §367.518.1.2 RSMo requires disclosure in the loan agreement that "the transaction is a loan secured by the pledge of titled personal property and, in at least ten-point bold type, that nonpayment of the loan may result in loss of the borrower's vehicle or other titled personal property."

      b.    §367.518.1.4 RSMo requires that the monthly interest rate charged be disclosed on the loan agreement.

      c.    §367.518.1.5 RSMo requires a statement providing the borrower the right to cancel the loan without any costs by the close of the next business day.

      d.    §367.525.1. RSMo requires title lenders to provide detailed statutory disclosures to borrowers.

      e.    §367.527.1.3 RSMo prohibits a title lender from requiring a waiver of any right or protection of a borrower.

      f.    §367.527.1.7 RSMo provides that a title lender shall not knowingly violate any sections under these Title Loan statutes.

      g.    §367.506.2 and §367.527.2 RSMo provide that if a title lender enters into a transaction in violation of the above statutes, then any lien is void and the borrower is only liable for the principal.

64. In this case involving Plaintiffs and other similarly situated Class Members,

-13-

Defendant has disregarded each of the Missouri statutes set forth above in the following ways:

   a.   Defendant failed to disclose in its standardized-form loan agreement that the transaction is a loan secured by the pledge of titled personal property and, in at least ten-point bold type, that nonpayment of the loan may result in loss of the borrower's vehicle or other titled personal property.

   b.   Defendant failed to disclose the monthly interest rate on its standardized-form loan agreement.

   c.   Defendant failed to provide separate acknowledgment and disclosure on its standardized-form loan agreement of the required statement: "You may cancel this loan without any costs by returning the full principal amount to the lender by the close of the lender's next full business day."

   d.   Defendant failed to provide disclosure of the required statement: NOTICE TO BORROWER (1.) Your automobile title will be pledged as security for the loan. If the loan is not repaid in full, including all finance charges, you may lose your automobile. (2.) This lender offers short-term loans. Please read and understand the terms of the loan agreement before signing. I have read the above `NOTICE TO BORROWER' and I understand that if I do not repay this loan that I may lose my automobile."

   e.   Defendant has written provisions in its standardized-form contract,

including arbitration clauses which prohibit participation in class actions and class arbitrations and which waive rights and protections of the borrower despite a prohibition of such terms.

## Class Action Allegations

65. Plaintiffs brings this action on behalf of themselves and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, as well as the other statutes referenced in this Petition.

66. The claims asserted are brought on behalf of a state-wide class of consumers who received loans secured by a motor vehicle title from TitleMax locations in the State of Missouri.

67. Plaintiffs' proposed Class definition is as follows: "All Missouri residents, other than the Defendant and its officers and directors, representatives, employees and agents, who have entered into a loan agreement secured by a motor vehicle title with TitleMax at any location in the State of Missouri."

68. Plaintiffs' proposed Class satisfies the requirements for class certification pursuant to Rules 23(a)and 23(b)(3) of the Federal Rules of Civil Procedure.

69. On information and belief, the proposed Class is so numerous that the individual joinder of all absent Class Members is impracticable, such that the requirements of Rule 23(a)(1) are met.

70. Common questions of law or fact exist as to all proposed Class Members and predominate over any questions which affect only individual proposed Class Members such that the requirements of Rule 23(a)(2) and Rule 23(b)(3) are satisfied. Some of those common questions of law or fact include:

a.     Whether Defendant failed to make statutorily required disclosures in the loan documents provided to Plaintiff and Class Members;

b.     Whether Defendant filed to disclose specific notice requirements mandated by Missouri law;

c.     Whether Defendant required Plaintiff and Class Members to waive their rights and protections in violation of Missouri law;

d.     Whether Defendant violated Missouri consumer protection laws pertaining to title loans;

e.     Whether Defendant engaged in unfair and deceptive acts in holding itself out to be issuing title loans; and,

f.     Whether Defendant issued title loans or engaged in title lending without a license.

71.     The claims of the Plaintiffs are typical of the claims of the Class such that the requirements of Rule 23(a)(3) are satisfied.

72.     Plaintiffs will fairly and adequately represent the interests of the Class Members. Plaintiffs have no interest adverse to the interests of Class Members. Plaintiffs have retained competent counsel who have experience in class action litigation. The requirements of Rule 23(a)(4) are thus satisfied.

73.     A Class Action is a superior method for the fair and efficient adjudication of this controversy.

74.     The adjudication of separate actions by individual Class Members would create a risk of (a) inconsistent or varying adjudications with respect to individual Members of the Class; or (b) adjudications with respect to individual Class Members which would as

-16-

a practical matter be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

75.	Questions of law or fact common to the Class Members predominate over any questions affecting only individual Class Members.

76.	There is no special interest in the Class Members individually controlling the prosecution of separate actions in that (a) the damages sustained by individual Class Members may be relatively small and (b) the expense and burden of individual litigation make it impossible for Class Members to individually address the wrongs done to them and the violations of the law by Defendant.

77.	There will be no difficulty managing this lawsuit as a Class Action in this Court.

## Count I
## Declaratory Relief – Arbitration Clause Unconscionable and Against Missouri Public Policy

78.	Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully set forth herein.

79.	There is a present controversy between Defendant and Plaintiffs (and Class Members) because Defendant has placed an arbitration clause prohibiting class actions and class arbitrations in its standardized- form title loan agreement.

80.	Defendant's arbitration clause is unenforceable, against Missouri public policy, and unconscionable under Missouri State Law.

81.	Enforcement of any part of Defendant's arbitration clause would be contrary to the Missouri Supreme Court's decision in ***Brewer v. Missouri Title Loans***, — S.W.3d

-17-

—, 2010 WL 3430411 (Mo banc 2010).

82.    Pursuant to Missouri Revised Statute 527.010 (the "Missouri Declaratory Judgment Act") any Circuit Court shall have the power to "declare rights, status, and other legal relations . . . . . The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

83.    The purpose of the Missouri Declaratory Judgment Act is to give "relief from uncertainty and insecurity."  ***See Preferred Physicians Mut. Management Group, Inc. v. Preferred Physicians Mut. Risk Retention Group***, 916 S.W.821, 823-24 (Mo. App. W.D. 1995).

84.    Plaintiffs' challenge that the arbitration clause is unconscionable and against public policy is directed against the arbitration clause only.

85.    Because Plaintiffs' challenge is to the validity of the arbitration clause only, it is an issue for the Court to resolve.  ***See*** 9 U,S.C.A. § 2 (allowing challenges to arbitration clause on grounds existing at law); ***see also Buckeye Check Cashing, Inc. v. Cardegna***, 126 S.Ct. 1204, 1209 (2006)(holding that arbitration clauses are severable from the rest of the contract); and ***Swain v. Auto Servs., Inc.***, 128 S.W.3d 103, 107 (Mo. App. E.D. 2003)(holding that "generally applicable state law contract defenses, such as fraud, duress and unconscionability, may be used to invalidate arbitration agreements without contravening the FAA").

86.    Defendant's arbitration clause is procedurally unconscionable.

87.    Defendant's arbitration clause is substantively unconscionable.

88.    In the contracts of Plaintiffs and Class Members, Defendant included an arbitration clause that purports to require binding arbitration and which also purports to

-18-

prohibit class actions, class arbitrations, and joinder of claimants in one action or arbitration.

89.     Defendant's purported "Arbitration Agreement" includes, in part, the following language:

"2.     You acknowledge and agree that by entering into this Arbitration Provision:

(a)     **YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED TO THIRD PARTIES;**

(b)     **YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PATIES; and**

(c)     **YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OR CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**

3.     Except as provided in Paragraph 6 below, all disputes including any Representative Claims against us and/or related third parties shall be resolved by binding arbitration only on an individual basis with you. **THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS**

-19-

**ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION."**

90.    Defendant's purported "Arbitration Agreement" also includes, in part, the following language:

"9.    **OPT-OUT PROCESS.**  You may choose to opt-out of this Arbitration Provision but <u>only</u> by following the process set-forth below.  If you do not wish to be subject to this Arbitration Provision, then you must notify us in writing within sixty (60) calendar days of the date of this Loan Agreement at the following address: Attn: Legal Dept, P.O. Box 8323, Savannah, GA 31412.  Your written notice must include your name, address, Account number, the date of this Loan Agreement, and a statement that you wish to opt out of the Arbitration Provision. If you choose to opt out, then your choice will apply only to this Loan Agreement."

91.    Plaintiffs Gardner and Duckworth each forwarded notice to Defendant that each did not wish to be subject to the Waiver of Jury Trial and Arbitration Provisions contained in the loan agreement.  Plaintiffs Vanoster and Coleman did not opt out of the Waiver of Jury Trial and Arbitration Provisions contained in the loan agreement.

92.    Defendant possesses bargaining strength and power that is far superior to that of Plaintiffs and its other customers and Class Members.

93.    Without discussion or negotiation, Defendant requires its customers to take

-20-

affirmative action or be bound by standardized-form arbitration clauses, drafted by Defendant, which are mini-contracts of adhesion.

94. Defendant's arbitration clause is substantially one-sided and unconscionable in favor of Defendant, and Defendant knows that the arbitration clause is substantially one-sided in its favor and unconscionable.

95. Defendant's arbitration clause is also lacking in mutuality by virtue of its contradiction with other standardized provisions of the loan agreement which provide that Defendant can institute collection actions in Court.

96. Defendant's arbitration clause purports to prohibit all class actions, all class arbitrations, and all joinder actions or arbitrations.

97. Defendant's prohibitions on class actions, class arbitrations, and joinder of claims makes it difficult or impossible for those who do learn of the violations to find competent counsel to prosecute claims against Defendant.

98. Even if a consumer did learn of the violation and could find competent counsel, a reasonable consumer would be unlikely to pursue the claim because the cost of an individual arbitration would often exceed the potential recovery.

99. In the absence of the arbitration clause barring class treatment of this case, the costs mentioned in the allegation above could normally be distributed among a class; Defendant has prohibited class arbitrations and class actions in order to grant itself *de facto* immunity.

100. Arbitration is designed to produced efficient resolution of issues.

101. Defendant has intentionally sought to use arbitration to produce inefficiency by requiring thousands of identical claims be resolved one-by-one, in individual arbitration.

-21-

102.     Defendant's arbitration clause strips Plaintiffs' and Class Members' rights under Chapter 407 RSMo and the Missouri Rules of Civil Procedure 52.08 and the Federal Rules of Civil Procedure to pursue class actions against to redress deceptive or unfair business practices.

103.     Defendant's arbitration clause thus violates 367.527.2 RSMo prohibiting the waiver of any rights or protections.

104.     When, as here, a class action ban is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with superior bargaining power has carried out a scheme to deliberately violate Missouri Law and wrongfully collect interest from large numbers of consumers, such waivers are unconscionable and should not be enforced.  This is because without the court's intervention "the company could continue its improper and deceptive charges *ad infinitum* since none of its customers would have a practical remedy to bring about a stop to the conduct."  *See **Whitney v. Alltel Communications, Inc.**, 173 S.W.3d 300, 314 (Mo. App. W.D. 2005).

105.     It is against public policy to enforce a clause which would prohibit class arbitration and class actions in a situation in which doing so would make it unlikely that consumers would be able to vindicate their rights under Missouri law.  ***Doerhoff v. General Gowth Properties, Inc.*** 2006 WL 3210502 at 6 (Mo. W.D. 2006).

106.     Enforcement of Defendant's arbitration clause would also be in direct  contravention of the Missouri Supreme Court's decision in ***Brewer v. Missouri Title Loans***, — S.W.3d —, 2010 WL 3430411 (Mo banc 2010).

107.     An average person would not reasonably expect that a dispute in which small damages have occurred to a large number of consumers would need to be resolved

-22-

through arbitration on an individual case by case basis.

108.    Pursuant to Missouri Revised Statute 527.010, a judicial determination is necessary and appropriate in order that the parties may ascertain their respective rights and duties with regard to the arbitration language Defendant has included in its loan contracts.

109.    Plaintiffs and the Class request discovery on the arbitration issue so that they may develop a further factual record regarding procedural and substantive unconscionability.

110.    Plaintiffs and the Class hereby request a declaratory judgment, adjudicating and declaring that Defendant's arbitration clause, opt-out process, and waiver of class action and joinder rights is procedurally unconscionable, substantively unconscionable, against Missouri public policy and unenforceable under Missouri law.

111.    Plaintiffs and the Class request that the Court enter judgment in their favor and against Defendant as described in the "Prayer for Relief" in this Petition.

<u>Count II</u>
<u>Missouri Merchandising Practices Act</u>

112.    Plaintiffs incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

113.    This claim of Plaintiffs and the Class Members is brought pursuant to the Missouri Merchandising Practices Act, R.S.Mo. §407.010 *et seq.*

114.    Plaintiffs and Class Members purchased services primarily for personal purposes, and thereby suffered an ascertainable loss as the result of the use and employment by Defendant of methods, acts and practices declared unlawful pursuant to Revised Missouri Statutes, Section 407.010 et seq.

-23-

115.     Plaintiffs and the Class are entitled to bring this action pursuant to R.S.Mo. §407.025.

116.     Plaintiffs and the Class entered into consumer transactions with Defendant which involved the payment of interest and fees as a condition for obtaining short term loans.

117.     Lending is a service that is included in the definition of "merchandise" under Missouri Revised Statute 407.010.4.

118.     Plaintiffs' and the Class Members' loans were obtained exclusively for their personal use.

119.     During the course of these transactions, Defendant engaged in unfair or deceptive trade practices including the issuing of loans through unlawful trade practice, concealment, suppression, omission of, and the knowing failure to state, material facts, including:

      a.    Omitting from Plaintiffs' and Class Members' loan agreements the required disclosure that the transaction is a loan secured by the pledge of titled personal property and, in at least ten-point bold type, that nonpayment of the loan may result in loss of the borrower's vehicle or other titled personal property.

      b.    Failing to disclose the monthly interest rate on the loan agreements of Plaintiffs and Class Members..

      c.    Omitting from Plaintiffs' and the Class Members' loan agreements the following disclosure which is mandated by Missouri law (§367.518.1.5): "You may cancel this loan without any costs by returning the full principal amount to the lender by the close of the

-24-

lender's next full business day."

    d.    Failing to disclose to Plaintiffs and Class Members the required statement: NOTICE TO BORROWER (1.) Your automobile title will be pledged as security for the loan. If the loan is not repaid in full, including all finance charges, you may lose your automobile. (2.) This lender offers short-term loans. Please read and understand the terms of the loan agreement before signing. I have read the above `NOTICE TO BORROWER' and I understand that if I do not repay this loan that I may lose my automobile."

    e.    Omitting from Plaintiffs' and the Class Members' loan agreements the required notice provisions mandated by Missouri law (§367.525.1; §367.525.2).

120.    Defendant willfully and intentionally violated Missouri Revised Statute 407.010 *et seq.*

121.    As a direct result of Defendant's violations, Plaintiffs and the Class Members are aggrieved and have suffered ascertainable losses, by, among other things, paying fees and interest on loans which fail to comply with Missouri Statutory requirements.

122.    Plaintiffs and the Class request that the Court enter judgment in their favor and against Defendant as described in the "Prayer for Relief" in this Petition.

**Count III**
***Per Se* Violation of the**
**Missouri Merchandising Practices Act**

123.    Plaintiffs incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

124.    The violations set forth in paragraphs 119(a)-(e) above are *per se* violations

of the Missouri Merchandising Practices.

125. Defendant willfully and intentionally violated Missouri Revised Statute 407.010 *et seq.*

126. As a direct result of Defendant's violations, Plaintiffs and the Class Members are aggrieved and have suffered ascertainable losses, by, among other things, paying fees and interest on loans which fail to comply with Missouri statutory requirements.

127. Plaintiffs and the Class request that the Court enter judgment in their favor and against Defendant as described in the "Prayer for Relief" in this Petition.

**Count IV**
**Violation of Mo. Rev. Stat. 367.518.1.4**
**(Disclosure Of Monthly Interest Rate)**

128. Plaintiffs incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

129. Pursuant to Missouri Revised Statute 367.531, Missouri Revised Statute 408.562 applies to title loan transactions and provides a private right of action for violations of 367.500 to 367.533.

130. Missouri Revised Statute 367.518.1.4 states that each title loan agreement shall disclose on it the monthly interest rate to be charged.

131. The Missouri Division of Finance has promulgated a form that, if used, would comply with all required disclosures.

132. Defendant did not use such form.

133. Defendant violated Missouri Revised Statute 367.518.1.4 by failing to denote the monthly interest rate to be charge in title loan agreement provided to Plaintiffs and the Class.

134. Defendant willfully and intentionally violated Missouri Revised Statute

-26-

367.518.1.4.

135.    As a direct result of Defendant's violations, Plaintiffs and Class Members are aggrieved and suffered ascertainable losses by, among other things, paying interest and fees on title loans issued in violation of Missouri Statutory requirements.

136.    Plaintiffs and the Class request that the Court enter judgment in their favor and against Defendant as described in the "Prayer for Relief" in this Petition.

### Count V
### Violation of Mo. Rev. Stat. 367.518.1.5
### (Disclosure Of Ability To Cancel)

137.    Plaintiffs incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

138.    Pursuant to Missouri Revised Statute 367.531, Missouri Revised Statute 408.562 applies to title loan transactions and provides a private right of action for violations of 367.500 to 367.533.

139.    Missouri Revised Statute 367.518.1.5 requires the following disclosure to be disclosed on each loan agreement in at least ten-point font, bold type, separately acknowledged by the signature of the borrower and reading as follows:

**"You many cancel this loan without any costs by returning the full principal amount to the lender by the close of the lender's next full business day."**

140.    Defendant failed to include this required disclosure anywhere in the loan agreement provided to Plaintiffs and the Class Members.

141.    Defendant willfully and intentionally violated Missouri Revised Statute 367.518.1.5.

142.    As a direct result of Defendant's violations, Plaintiffs and Class Members are

-27-

aggrieved and suffered ascertainable losses by, among other things, paying on loans that could have been revoked within a day of obtaining it and paying interest and fees on title loans issued in violation of Missouri Statutory requirements.

143.    Plaintiffs and the Class request that the Court enter judgment in their favor and against Defendant as described in the "Prayer for Relief" in this Petition.

<strong><u>Count VI</u><br><u>Violation of Mo. Rev. Stat. 367.525.1</u><br><u>(Notice Of Loss Of Vehicle)</u></strong>

144.    Plaintiffs incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

145.    Pursuant to Missouri Revised Statute 367.531, Missouri Revised Statute 408.562 applies to title loan transactions and provides a private right of action for violations of 367.500 to 367.533.

146.    Missouri Revised Statute 367.525.1 requires Defendant to provide the borrower the following notice in at least ten-point bold type and receipt thereof shall be acknowledged by the signature of the borrower.  This notice should be provided before the borrower accepting a title loan application and state as follows:

> "NOTICE TO BORROWER (1.)  Your automobile title will be pledged as security for the loan.  If the loan is not repaid in full, including all finance charges, you may lose your automobile.  (2.) This lender offers short term loans.  Please read and understand the terms of the loan agreement before signing.  I have read the above `NOTICE TO BORROWER' and I understand that if I do not repay this loan that I may lose my automobile."

147.    The Missouri Division of Finance has promulgated a form that, if used, would comply with the notice requirements of 367.525.1.

Case 4:11-cv-00100-NKL   Document 21   Filed 02/22/11   Page 28 of 34

148.    Defendant did not use such form.

149.    Defendant failed to provide the notice required by 367.525.1 to Plaintiffs and Class Members.

150.    Defendant willfully and intentionally violated Missouri Revised Statute 367.525.1.

151.    As a direct result of Defendant's violations, Plaintiffs and Class Members are aggrieved and suffered ascertainable losses by, among other things, paying interest and fees on loans issued in violation of Missouri Statutory requirements.

152.    Plaintiffs and the Class request that the Court enter judgment in their favor and against Defendant as described in the "Prayer for Relief" in this Petition.

**Count VII**
**Violation of Mo. Rev. Stat. 367.527.1.3**
**(Waiver Of Rights And Protections)**

153.    Plaintiffs incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

154.    Pursuant to Missouri Revised Statute 367.531, Missouri Revised Statute 408.562 applies to title loan transactions and provides a private right of action for violations of 367.500 to 367.533.

155.    Missouri Revised Statute 367.525.1.3 states that Defendant shall not accept any waiver of any right or any protection of a borrower.

156.    Defendant included in its contract a purported waiver of the constitutional right to a jury trial.

157.    Defendant included in its contract a purported waiver of the right to file a lawsuit.

158.    Defendant included in its contract a purported waiver that prohibits the

-29-

Plaintiffs or Class Members from participating in class actions, class arbitrations, joinder actions, or joinder arbitrations.

159.　The Merchandising Practices Act (§407.025) and Missouri Rule 52.08 provide consumers with the right to utilize class actions.

160.　Defendant willfully and intentionally violated Missouri Revised Statute 367.525.1.3.

161.　As a direct result of Defendant's violations, Plaintiffs and Class Members are aggrieved and suffered ascertainable losses by, among other things, paying interest and fees on loans issued in violation of Missouri Statutory requirements.

162.　Plaintiffs and the Class request that the Court enter judgment in their favor and against Defendant as described in the "Prayer for Relief" in this Petition.

## Count VIII
## Missouri Merchandising Practices Act

163.　Plaintiffs incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

164.　This claim of Plaintiffs and the Class Members is brought pursuant to the Missouri Merchandising Practices Act, R.S.Mo. §407.010 *et seq.*

165.　Plaintiffs and Class Members purchased services primarily for personal purposes, and thereby suffered an ascertainable loss as the result of the use and employment by Defendant of methods, acts and practices declared unlawful pursuant to Revised Missouri Statutes, Section 407.010 et seq.

166.　Plaintiffs and the Class are entitled to bring this action pursuant to R.S.Mo. §407.025.

167.　As noted in paragraphs 11-14 , above, Defendant holds itself out to the public

-30-

and in general as a "title lender" and markets its loans as "title loans."

168.     During the course of its transactions with Plaintiffs and Class Members, Defendant engaged in unfair or deceptive trade practices including the issuing of loans through unlawful trade practice and engaging in the unfair and deceptive practice of holding itself out to be a title lender issuing title loans and thereafter claiming not to be a title lender, not to issue title loans, and not to be required to disclose matters required in title loan transactions in the State of Missouri.

169.     Defendant willfully and intentionally violated Missouri Revised Statute 407.010 *et seq.*

170.     As a direct result of Defendant's violations, Plaintiffs and the Class Members are aggrieved and have suffered ascertainable losses, by, among other things, paying fees and interest on loans which fail to comply with Missouri Statutory requirements.

171.     Plaintiffs and the Class request that the Court enter judgment in their favor and against Defendant as described in the "Prayer for Relief" in this Petition.

**Count IX**
**Violation of Mo. Rev. Stat. 367.506**
**(Engaging In Title Lending And Issuing Title Loans Without A License)**

172.     Plaintiffs incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

173.     As noted in paragraphs 11-14 , above, Defendant holds itself out to the public and in general as a "title lender" and markets its loans as "title loans."

174.     Mo. Rev. Stat. Section 367.506.1 notes as follows: "Any person who acts as a title lender without a title loan license is subject to both civil and criminal penalties."

175.     As admitted in Defendant's pleadings in this case, TitleMax is not licensed as a title lender or authorized to issue title loans in the State of Missouri.

-31-

176.	As a direct result of Defendant's violations, Plaintiffs and Class Members are aggrieved and suffered ascertainable losses by, among other things, paying interest and fees on loans issued in violation of Missouri Statutory requirements.

177.	Plaintiffs and the Class request that the Court enter judgment in their favor and against Defendant as described in the "Prayer for Relief" in this Petition.

## Prayer For Relief

Plaintiffs and Class Members request that the Court enter judgment in their favor and against Defendant as follows:

A.	Ordering this action be maintained as a Class Action pursuant to Missouri Supreme Court Rule 52.08 and Missouri Revised Statute 407.025.3 and that the following Class be certified: "All Missouri residents, other than the Defendant and its officers and directors, representatives, employees and agents, who have entered into a loan agreement secured by a motor vehicle title with TitleMax at any location in the State of Missouri."

B.	Certifying Plaintiffs as Class Representatives and appointing Plaintiffs' counsel as counsel for the Class.

C.	Ordering that all liens and loans entered into contrary to Missouri title loan statutes be declared void pursuant to Missouri Revised Statutes 367.527.1.7 and 367.527.2.

D.	Ordering that Defendant disgorge all money collected from Plaintiffs and all Class Members in excess of the amount of the principal loaned to Plaintiffs and the Class Members.

E.	Awarding to Plaintiffs and Class Members as damages any fees and

-32-

interest illegally charged. Punitive damages are not being sought.

F.    Awarding to Plaintiffs and Class Members damages for Defendant's violations of the Missouri Merchandising Practices Act.

G.    Awarding Plaintiffs and Class Members attorneys' fees and costs as provided by law.

H.    Entering a Preliminary and Permanent Injunction prohibiting Defendant from further conduct in violation of Missouri Title Loan Statutes.

I.    Declaring that Defendant's arbitration clause is unconscionable, against Missouri public policy, and unenforceable.

J.    Awarding Plaintiffs and Class Members such other and further relief as may be just and proper.

## REQUEST FOR JURY

COME NOW Plaintiffs, on behalf of themselves and all others similarly situated, by and through her attorneys of record, and hereby requests a trial by jury on all individual and class claims.

Respectfully submitted,

HUBBARD & ARDEBILI, L.L.C.


By:    /s/ Dirk Hubbard
         Dirk Hubbard, Mo #37936
         Amir Ardebili,  Mo. #61520
         256 NE Tudor Rd.
         Lee's Summit, Missouri 64086
         Telephone:   (816) 600-2614
         Fax:            (816) 600-2633
         dhubbard@halawllc.com

-33-

WHITE, ALLINDER, GRAHAM,
BUCKLEY & CARR, L.L.C.
    Gene P. Graham, Jr., Mo# 34950
    19049 East Valley View Parkway, Suite C
    Independence, Missouri 64055
    (816) 373-9080 Fax: (816) 373-9319
    ggraham@wagblaw.com

THE SIMON LAW FIRM, P.C.
    John Campbell, #543242
    701 Market Street, Suite 1450
    St. Louis, Missouri 63101
    314-241-2929
    Fax: 314-241-2020
    jcampbell@simonlawpc.com


ATTORNEYS FOR PLAINTIFF AND
OTHERS SIMILARLY SITUATED


**CERTIFICATE OF SERVICE**

     I hereby certify that notice of such filing was made electronically to Defendant's counsel pursuant to the Electronic Case Filing Rules of the Western District of Missouri this 22nd day of February, 2011.


        /s/ Dirk Hubbard
        Dirk Hubbard