IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

MELISSA GARDNER,                          )
LISA DUCKWORTH,                           )
MARGARET VANOSTER, and                    )
ANGELA COLEMAN,                           )
Individually and on Behalf of All         )
Others Similarly Situated                 )
                                          )
                    Plaintiffs            )        Case No. 4:11-CV-00100-NKL
-vs-                                      )
                                          )
TITLEMAX OF MISSOURI, INC.,               )
d/b/a TITLEMAX                            )
                    Defendant.            )

**PLAINTIFFS' SUGGESTIONS IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF GARDNER AND DUCKWORTH'S
FIRST AMENDED COMPLAINT**

Dirk Hubbard, Mo #37936
Amir Ardebili,  Mo. #61520
HUBBARD & ARDEBILI, L.L.C.
256 NE Tudor Rd.
Lee's Summit, Missouri 64086
Telephone:    (816) 600-2614
Fax:          (816) 600-2633
dhubbard@halawllc.com

Gene P. Graham, Jr., Mo#    34950
WHITE, ALLINDER, GRAHAM,
BUCKLEY & CARR, L.L.C.
19049 East Valley View Parkway, Suite C
Independence, Missouri 64055
(816) 373-9080 Fax: (816) 373-9319
ggraham@wagblaw.com

John Campbell, #543242
THE SIMON LAW FIRM, P.C.
701 Market Street, Suite 1450
St. Louis, Missouri 63101
314-241-2929
Fax: 314-241-2020
jcampbell@simonlawpc.com

ATTORNEYS FOR PLAINTIFF AND
OTHERS SIMILARLY SITUATED

## TABLE OF CONTENTS

I.      INTRODUCTION .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.     FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

III.    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

IV.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

        A.      Defendant's Motion Is Premature In That Substantive Rulings
                Should Be Delayed Until After The Class Certification Determination . . . . . . . .  5

        B.      Defendant's Motion On Counts II Through IX Is Not A Motion To Dismiss
                In That Defendant Asserts An Affirmative Defense And Relies On Alleged Facts
                Outside The Pleadings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

        C.      Defendant's Motion On Counts II Through IX Lacks Legal Support. . . . . . . . . .  7

                1.      There Is No Legal Support For Defendant's Claim That Its
                        Self-Declaration Through Division Of Finance License Filing Is The
                        Only Factor In Determining Applicability Of Missouri's Title Loan
                        Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

                2.      There Is No Legal Support For Claim Of "Alternative" Statutes . . . . . . .  9

                3.      The Rules Of Statutory Construction Support A Determination
                        That The More Specific Title Loan Statute Controls  . . . . . . . . . . . . . . .  11

        D.      Defendant's Motion On Counts II Through IX Involves Disputed Facts. . . . . .  12

        E.      Plaintiffs Have A Right Of Action To Enforce Sections Of §367.500 . . . . . . . .  14

        F.      Plaintiffs Have Adequately Pleaded MPA Violations . . . . . . . . . . . . . . . . . . . .  14

        G.      Plaintiffs Have Standing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Almonte, P.P.A. v. New York Medical College*,
   851 F.Supp. 34 (D. Conn. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Amanatullah, M.D. v. Colorado Board of Medical Examiners*,
   187 F.3d 1160 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Associated Elec. Co-op. v. Sachs Elec. Co.*,
   Case No. 86-3336-CV-S-4, 1987 WL 14499 (W.D. Mo. Jan 12, 1987) . . . . . . . . . . . . . . . . .   6

*Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*,
   2008 WL 2064967 (E.D. Mo. May 14, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*EEOC v. Northwest Airlines, Inc.*,
   Case No. C85-36W@, 1989 WL 168009 (W.D. Wash. Aug. 7, 1989) . . . . . . . . . . . . . . . . . .   5

*Florida RSA #8, LLC v. City of Chesterfield, Missouri*,
   416 F.Supp. 2d 725 (E.D. Mo. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

*Four Seasons Group, Inc. v. Thyssenkrupp Elevator Corp.*,
   2010 WL 1539815 (W.D. Mo. April 19, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Glen v. Fairway Independent Mortgage Corp.*,
   265 F.R.D. 474 (W.D. Mo. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Grospitz v. Abbott*,
   2005 WL 2649707 (W.D. Mo. October 17, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

*Hooper, et al. v. Advance America*,
   Case No. 08-04045-CV-C-NKL (W.D. Mo. Jul7y 15, 2008) . . . . . . . . . . . . . . . . . . . . . . .   5, 14

*Janson v. Legalzoom.com, Inc.*,
   271 F.R.D. 506 (W.D. Mo. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Kansas State Bank in Holton v. Citizens Bank of Windsor*,
   727 F.2d 1490 (8th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Kansas City Power & Light Co. v. Western Resources, Inc.*,
   939 F.Supp. 688 (W.D. Mo. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Levy v. Ohl*,
   477 F.3d 988 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Matosantos Commercial Corp. v. SCA Tissue North America, LLC*,
   329 F.Supp.2d 255 (D. Puerto Rico 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Michael D. v. GMAC Mortgage, LLC*,
   2011 WL 111236 (W.D. Mo. January 13, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Nack v. Walburg*,
   2011 WL 310249 (E.D. Mo. January 28, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Stanko v. Patton*,
   228 Fed. Appx. 623, 626 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Streamcast Networks, Inc. v. IBIS LLC*,
   Case No. CV 05-04239, 2006 WL 5720345 (C.D. Cal. May 2, 2006) . . . . . . . . . . . . . . . . . . 15

*United States v. Islamic American Relief Agency*,
   2009 WL 3834130 (W.D.Mo. November 13, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Stanko*,
   491 F.3d 408 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wendler & Ezra, P.C. v. AIG, Inc.*,
   Case No. 04-CV-641, 2005 WL 1847085 (S.D. Ill. Aug. 3, 2005) . . . . . . . . . . . . . . . . . . . . . 15

*Wiles v. Southwestern Bell Telephone Co.*,
   2010 WL 1463025 (W.D. Mo. April 13, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


**STATE CASES**

*City of Kansas City v. Chung Hoe Ku*,
   282 S.W.3d 23 (Mo. App. W.D. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Greenbriar Hills Country Club v. Director of Revenue*,
   935 S.W.2d 36 (Mo. 1996)(en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Knight v. Carnahan*,
   282 S.W.3d 9 (Mo. App. W.D. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*MC Dev. Co., LLC v. Cent. R-3 Sch. Dist. Of St. Francis Co.*,
   299 S.W.3d 600 (Mo. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*MFA Petroleum Co. v. Director of Revenue*,
   279 S.W.3d 177 (Mo. Banc 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*State ex rel. SSM HealthCare St. Louis v. Neill*,
   78 S.W. 3d 140 (Mo. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*State ex rel. Burns v. Whittington*,
   219 S.W.3d 224 (Mo. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*State v. Wilson*,
   55 S.W.3d 851 (Mo. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*StopAquila.Org v. City of Peculiar*,
   208 S.W.3d 895 (Mo. Banc 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Turner v. School District of Clayton*,
   318 S.W.3d 660 (Mo. Banc 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## **FEDERAL RULES**

Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## **STATE STATUTES**

R.S.Mo. §367.500, et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7, 9, 10

R.S.Mo. §367.506 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

R.S. Mo. §367.506.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

R.S.Mo. §367.518.1.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

R.S.Mo. §367.518.1.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

R.S.Mo. §367.518.1.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

R.S.Mo. §367.525.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

R.S.Mo. §367.527.1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

R.S.Mo. §408.510, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

R.S.Mo. §506 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# I. <u>INTRODUCTION</u>

Plaintiffs Melissa Gardner, Lisa Duckworth, Margaret Vanoster, and Angela Coleman, on behalf of themselves and the putative class set forth in Plaintiffs' First Amended Complaint, bring this action against Defendant TitleMax of Missouri, Inc. ("TitleMax") for holding itself out in Missouri as a title lender that issues title loans, for failing to comply with the Missouri Title Loan Statutes, R.S.Mo. §367.500, *et seq.*, and for violations of the Missouri Merchandising Practices Act.

Defendant has filed a Motion to Dismiss Plaintiff Gardner and Duckworth's First Amended Complaint ("Defendant's Motion"). Defendant's Motion seeks dismissal of Counts IV-VII and IX. Defendant's Motion admits TitleMax failed to make the disclosures required by the Missouri Title Loan Statutes, but claims it is not subject to those statutes because it chose not to license itself as a title lender. Defendant's basis for seeking dismissal of these Counts is that it did not self-declare as a title lender when it sought a lending license. As made evident in Defendant's Motion, there will be a controlling issue common to all class members in this case: Is TitleMax required to provide the Title Loan Statutes' mandatory disclosures in the loans it markets and issues in Missouri and otherwise comply with R.S.Mo. §367.500, *et seq.?* This inquiry necessarily involves detailed facts on which Plaintiffs seek full discovery, and it is inappropriate for a final substantive determination at this preliminary stage.

Also with regard to Counts IV through VII and IX, Defendant's Motion claims (1) there is no private right of action to enforce the various sections of R.S.Mo. §367.500, *et seq.*; and, (2) that Plaintiff have not adequately alleged that they suffered any loss of money or property.

With regard to Counts II, III, and VIII, Defendant's Motion claims (1) Plaintiffs have not adequately pled that TitleMax committed a deceptive, unfair or fraudulent act; and, (2) that Plaintiff have not adequately alleged that they suffered any loss of money or property.

Defendant's Motion also claims Plaintiffs Gardner and Duckworth lack standing for their

Count I claims challenging Defendant's arbitration provision.

Plaintiffs' summary arguments in opposition to Defendant's Motion are as follows:

(1)    Defendant's Motion is premature because such a substantive ruling should be deferred until after determination of class certification issues;

(2)    Defendant's contentions in support of its Motion on Counts IV-VII and IX are of the nature of an affirmative defense and rely on matters outside the pleadings, such that it is not appropriate as a motion to dismiss, but instead is premature;

(3)    Defendant's Motion on Counts IV-VII and IX is lacking in legal support for its propositions that (a) a loan is only a "title loan" under Missouri's Title Loan Statutes if Defendant chooses to self-declare and license itself as a title lender; (b) Missouri's Title Loan Statutes and Missouri Consumer Installment Loans Statutes are mutually exclusive or "alternative;" and (c) principles of statutory construction result in rejection of Defendant's proposed interpretation and in the specific Title Loan Statues controlling over the more general Consumer Installment Loan Statute;

(4)    Counts II through IX of Plaintiffs' First Amended Complaint present disputed factual issues as to whether or not Defendant's loans were "title loans" and whether Defendant was engaged in "title lending" so as to trigger the mandatory disclosures under Missouri's Title Loan Statutes;

(5)    Plaintiffs have a private right of action to enforce the various sections of R.S.Mo. §367.500, *et seq.*;

(6)    Plaintiffs have adequately alleged the elements of a cause of action under the Missouri Merchandising Practices Act; and,

(7)    Plaintiffs have standing to serve and Class Representatives for all Missouri consumers, to challenge the class action waiver and/or arbitration provision, and to forward Count I of their First Amended Complaint .

## II.  FACTUAL BACKGROUND

Defendant TitleMax owns and operates more than forty locations in the State of Missouri. (First Amended Complaint, ¶¶ 5-7).[1]  At each of these Missouri locations, TitleMax offers to lend money to consumers at high rates of interest.  (¶ 9).   At each of these Missouri locations, TitleMax issues loans secured by consumers' motor vehicle titles.  (¶ 10).

---

[1]All paragraph references in this brief are to Plaintiffs' First Amended Complaint.

For each of its Missouri locations, TitleMax markets the loans secured by motor vehicle titles that it offers as "title loans." (¶ 11). Further, TitleMax markets itself throughout the State of Missouri as a "title lender" that issues "title loans," including in its television advertising, storefront signs, phonebook listings, internet advertising, and other communications. (¶12). TitleMax admits in many of the business license applications it has submitted in the State of Missouri that it is engaged in the business of issuing "title loans" and/or that it is a "title lender." (¶ 13). TitleMax's then-parent company also admitted in its 2010 corporate reports that TitleMax issued "title loans" and engaging in "title lending" in the State of Missouri. (¶ 14).

Each Plaintiff in this case saw commercials, signs, and/or other advertisements of Defendant TitleMax in which it held itself out as a "title lender" issuing "title loans" in the State of Missouri. (¶¶ 15-59). TitleMax provided each Plaintiff and each potential Class Member a loan at a rate of interest of more than 100%. (¶¶ 19, 29, 36, 46, 56). Each of these loans was secured by a title to a motor vehicle owned by each Plaintiff and each potential Class Member. (¶¶ 20, 30, 37, 47, 57).

None of the common TitleMax loan agreements used for its Missouri loans to Plaintiffs and potential Class Members contained any of the important disclosures that the Missouri Legislature has deemed should be made – in fairness to the consumer – in situations involving the issuance of such title loans. (¶¶ 63-64). Specifically, on the loans it issued to Plaintiffs and all potential Class Members:

> (1)     TitleMax failed to disclose in its standardized-form loan agreement that the transaction is a loan secured by the pledge of titled personal property and, in at least ten-point bold type, that nonpayment of the loan may result in loss of the borrower's vehicle or other titled personal property – a disclosure required by R.S.Mo. §367.518.1.2.
>
> (2)     TitleMax failed to disclose the monthly interest rate on its standardized-form loan agreement – a disclosure required by R.S.Mo. §367.518.1.4.
>
> (3)     TitleMax failed to provide separate acknowledgment and disclosure on its standardized-form loan agreement of the required statement: "You may

cancel this loan without any costs by returning the full principal amount to the lender by the close of the lender's next full business day" – a disclosure and acknowledgment required by R.S.Mo. §367.518.1.5.

(4)    TitleMax failed to provide disclosure of the required statement: NOTICE TO BORROWER (1.) Your automobile title will be pledged as security for the loan. If the loan is not repaid in full, including all finance charges, you may lose your automobile. (2.) This lender offers short-term loans. Please read and understand the terms of the loan agreement before signing. I have read the above `NOTICE TO BORROWER' and I understand that if I do not repay this loan that I may lose my automobile" – a disclosure required by R.S.Mo. §367.525.1.

In addition, TitleMax has written provisions in its standardized-form contracts which prohibit participation in class actions and class arbitrations and which waive rights and protections of the borrower. (¶¶ 64e, 78-111). These provisions violate R.S.Mo. §367.527.1.3, which prohibits a title lender in the State of Missouri from requiring a waiver of any right or protection of a borrower.

Plaintiffs' First Amended Complaint also asserts a Missouri Merchandising Practices Act claim against TitleMax in Count VIII for the unfair and deceptive acts in holding itself out as a title lender issuing title loans in the State of Missouri (¶¶ 163-171), and a claim in Count IX for TitleMax's violations of R.S.Mo. §367.506 by engaging in title lending and issuing title loans in Missouri without a license. (¶¶ 172-177).

### III.  STANDARD OF REVIEW

Defendant has filed what it purports to be a motion to dismiss pursuant to Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations of the plaintiff's complaint and construes those facts in the light most favorable to plaintiff. *Four Seasons Group, Inc. v. Thyssenkrupp Elevator Corp.*, 2010 WL 1539815 at *1 (W.D. Mo. April 19, 2010); *Wiles v. Southwestern Bell Telephone Co.*, 2010 WL 1463025 at *3 (W.D. Mo. April 13, 2010).

# IV. ARGUMENT

## A. Defendant's Motion Is Premature In That Substantive Rulings Should Be Delayed Until After The Class Certification Determination

With regard to the substantive determination on whether the title loans marketed and issued by TitleMax are required to contain the Missouri mandatory disclosures, Plaintiffs respectfully suggest that the Court consider delaying a ruling on those issues presented in Defendant's Motion to Dismiss until after a determination is made with regard to whether this action shall proceed as a class action. *See, e.g., Janson v. Legalzoom.com, Inc.*, 271 F.R.D. 506, 509-510 (W.D. Mo. 2010); *Glen v. Fairway Independent Mortgage Corp.*, 265 F.R.D. 474, 477 (W.D. Mo. 2010).

Although summary disposition may be appropriate for Plaintiffs at a later point, Plaintiffs' request at this time is for the Court's Order denying or deferring ruling on Defendant's Motion to Dismiss so that a class can be certified and this matter proceed to substantive determination.

## B. Defendant's Motion On Counts II Through IX Is Not A Motion To Dismiss In That Defendant Asserts An Affirmative Defense And Relies On Alleged Facts Outside The Pleadings

The factual allegations of Plaintiffs' First Amended Complaints include averments that TitleMax holds itself out and markets itself in Missouri as a "title lender" issuing "title loans." (¶¶ 11-12). The facts pled by Plaintiffs include admissions by TitleMax's Chief Executive Office and other officials that TitleMax engaged in title lending in Missouri and issued title loans in Missouri. (¶¶ 13-14).

First, Defendant's claim that it is allowed to choose to be regulated is "in the nature of an affirmative defense which is not properly addressed with a motion to dismiss." ***Hooper, et al. v. Advance America***, Case No. 08-04045-CV-C-NKL at p. 8 (W.D. Mo. July 15, 2008)(generally referencing ***EEOC v. Northwest Airlines, Inc.***, No. C85-36W, 1989 WL 168009, at *4 (W.>D Wash. Aug. 7, 1989)). "The burden of pleading and proving this defense is on Advance, and

Case 4:11-cv-00100-NKL   Document 41   Filed 04/04/11   Page 10 of 21

Plaintiffs need not address it in their Complaint." *Id.* (referencing ***Stanko v. Patton***, 228 Fed. Appx. 623, 626 (8th Cir. 2007) and ***Associated Elec. Co-op. v. Sachs Elec. Co.***, No. 86-3336-CV-S-4, 1987 WL 14499, at *4 (W.D. Mo. Jan. 12, 1987)).

In addition, Defendant's Motion goes beyond the pleadings in its attempt to controvert Plaintiffs' factual allegations, relying on its licensing documents with the Division of Finance in which it self-declares itself to be a consumer installment loan company. Defendant's reliance on matters outside the pleadings makes it within the Court's discretion to consider the motion a premature summary judgment motion that should be deferred until full discovery and development of the factual record. *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, 2008 WL 2064967 at *2 (E.D. Mo. May 14, 2008).

As support for going beyond the pleadings in its Motion, Defendant cites *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007), but in that case the court "only relied on the state court's record of the dismissal with prejudice in the underlying suit – a public document – to rule that Levy's malicious prosecution claim was barred by the statute of limitations." *Id.* Defendant also cites to *Amanatullah*, *M.D. v. Colorado Board of Medical Examiners*, 187 F.3d 1160, 1162 (10th Cir. 1999), but that was an abstention case which merely took note that the State of Colorado had revoked the plaintiff's license to practice medicine in proceedings that had started long before the plaintiff had filed his federal complaint.

None of the case law cited by Defendant supports allowing it to go beyond the pleadings and use its state lending license in its attempt to refute Plaintiffs' facts. Accordingly, the Court should deny Defendant's Motion based on its resort to matters outside the pleadings. However, even if Defendant's state lending license is considered, Defendant's Motion should be rejected in that, as further discussed below, Defendant's legal position is unsupported and Plaintiffs have set forth sufficient admissions and factual disputes to move forward on their claims.

-6-

## C.    Defendant's Motion On Counts II Through IX Lacks Legal Support

### 1.    There Is No Support For Defendant's Claim That Its Self-Declaration Through Division Of Finance License Filing Is The Only Factor In Determining Applicability Of Missouri's Title Loan Statutes

Defendant TitleMax argues that it may be considered a title lender that issues title loans in Missouri ***only if it chooses to license itself as a title lender and to voluntarily subject itself to the requirements of R.S.Mo. §367.500 et seq. through such voluntary licensing act on its part***. (*See, e.g.,* Defendant's Suggestions, page 1 – "TitleMax is licensed as a `consumer installment lender' under R.S.Mo. §408.510, *et seq.*, **not** as a `title lender' under R.S.Mo. §367.500, *et seq.*" and page 6 – "However, not a single TitleMax store in Missouri . . . is licensed as a `title lender'").

Such an interpretation of Missouri consumer law should be rejected in that it would destroy the overall intent of the legislature in setting forth in the Title Loans Statutes the consumer protections to be provided in situations involving the potential loss of the consumer's motor vehicle. The entire intent of the more specific Title Loan Statutes should not be destroyed by general and non-specific language contained in the Consumer Installment Lender provision. (*See* Section E.3, below).

In addition, Defendant's proposed interpretation would make meaningless statutory provisions regarding issuing title loans and engaging in title lending without a license.  As asserted in Count IX of Plaintiffs' First Amended Complaint, R.S. Mo. §367.506.1 notes as follows: "Any person who acts as a title lender without a title loan license is subject to both civil and criminal penalties."  The Missouri Legislature thus contemplated that a company such as TitleMax could act as a title lender even though it did not obtain a title loan license.  This makes it clear that the Missouri Legislature did <u>not</u> consider the licensing status a company chooses to be determinative of the issue of whether said company was acting as a title lender or whether it was issuing "title loans" which are subject to the mandatory disclosure requirements of the Missouri Title Loan Statutes.  To

allow for Defendant's self-serving interpretation would make meaningless the provisions of 367.506.

When interpreting Missouri State Statutes, the Missouri State rules of statutory construction apply. *Kansas State Bank in Holton v. Citizens Bank of Windsor*, 727 F.2d 1490, 1496 (8th Cir. 1984); *Michael D. v. GMAC Mortgage, LLC*, 2011 WL 111236 at *10-11 (W.D. Mo. January 13, 2011). "Under Missouri law `courts have a duty to read statutes in their plain, ordinary and usual sense. Where there is no ambiguity, this Court does not apply any other rule of construction.'" *Michael D., supra,* at *10 (quoting *MC Dev. Co., LLC v. Cent. R-3 Sch. Dist. Of St. Francis Co.*, 299 S.W.3d 600, 604 (Mo. 2009). The plain language of the statutes at issue does not contain any support for Defendant's contention that the Title Loan Statutes only apply to those who choose to license or, as discussed below, that the Title Loan Statutes and Consumer Installment Loan Statutes are "alternative" statutes.

Further, under Missouri law, if there is ambiguity, "[t]he primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *Id.* (quoting *State ex rel. Burns v. Whittington*, 219 S.W.3d 224, 225 (Mo. 2007). Thus, if any ambiguity exists as to whether or not the Title Loan Statutes only apply to those who choose to license or whether the Title Loans Statute and Consumer Installment Loan Statutes are alternative, that ambiguity should also be resolved in favor of the consumers the Missouri legislation was seeking to protect. The principles of statutory construction do not support Defendant's claim for dismissal at this preliminary stage and without a full factual record.

Also under Missouri law, a Court that is reading a statute "is required to give meaning to every word of the legislative enactment." *State ex rel. SSM HealthCare St. Louis v. Neill*, 78 S.W. 3d 140, 144 (Mo. 2002). As noted above, R.S.Mo. §506 would be rendered meaningless if this Court were to adopt Defendant's proposed statutory gloss that it is only covered by the Missouri Title Loan Statutes if it chooses to license itself under those Statutes.

With regard to an administrative regulation, any such regulation must be interpreted so as to harmonize with and further – and not to conflict – with the objective of the statute it implements. *Nack v. Walburg*, 2011 WL 310249 at *4 (E.D. Mo. January 28, 2011). None of the regulations referenced by Defendant support its contentions, and, in any event, any such regulation would need to be read in a manner so as to be consistent with the Statutes cited herein.

In *United States v. Islamic American Relief Agency*, 2009 WL 3834130 at *2-3 (W.D.Mo. November 13, 2009), the Court rejected a proposed interpretation of a federal statute noting that the "reading is not consistent with the rule of statutory construction that assumes all words in a statute are intended to be necessary to express the intent of the drafters. *See United States v. Stanko,* 491 F.3d 408, 413 (8th Cir. 2007)(a court should avoid interpretation that renders words in a statute either redundant or superfluous)."

Defendant's Suggestions note also that R.S.Mo. §367.500 *et seq.* was amended by the Missouri Legislature "within the same legislative bills that enacted the `consumer installment loan' statute in 2001." As such, if the legislature had intended to make a lender's registration as a title lender or a consumer installment lender the sole consideration, it could have written that into law at that time.

Finally, Defendant cites no provision that would authorize or allow a company to do register as a consumer installment lender and then hold itself out as a "title lender" and market the loans it issues as "title loans." Plaintiffs' facts show TitleMax to have done just that in Missouri.

## 2. There Is No Legal Support For Claim Of "Alternative" Statutes

Throughout its Motion and Suggestions, Defendant claims that the Title Loan Statutes, Consumer Installment Loan Statutes, and other Consumer Loan statues of Missouri are "alternative" such that if a lender chooses to act under one statute it cannot be found to be issuing a loan that is supposed to have complied with another statute. (*See, e.g.,* p. 6 of Defendant's Suggestions). There

is no support for Defendant's premise.

First, Plaintiffs have searched the Missouri Statutes at issue for the word "alternative" or for any indication that if one statutory scheme applies it is to the exclusion of all others. The word "alternative" was not found in such a search of the applicable Missouri Statutes. None of the provisions cited by Defendant actually support the additional wording and gloss that Defendant asserts in its briefing. For example, Defendant relies on R.S.Mo. §408.510, but the language of §408.510 does not unambiguously state that a consumer installment loan could not also be the type of loan also covered by R.S.Mo. §367.500. The language also does not unambiguously abrogate the provisions of R.S.Mo. §367.506, and it does not provide for a lender to market itself as a title lender issuing title loans and then issue a loan pursuant to Section 408. Finally, there is also no provision in R.S.Mo. §367.500 which would preventing a consumer installment lender from also being found to have issued title loans and having to provide the mandatory disclosures required for the protection of consumers.

Defendant can cite to no provision in the statutes or regulations that prevents a lender from licensing itself under all of the various consumer installment loan statutes or any provision that obviates the need to license under one statute simply because it is also issuing loans under another. In fact, on the Consumer Installment Lender Licensing Application form referenced by Defendant, the following questions are asked on page 3: "Does ownership hold any other consumer credit licenses in the state of Missouri?" and "If yes, are they licensed under the same business name as shown on this application?" Further, nothing on this form cited by Defendant indicates that it would be unnecessary or improper to be licensed under each of the various lender categories if the loans a company issued and the way it marketed those loans so required. In fact, the Division of Finance does allow for a lender to license itself as both a Consumer Installment Lender and a Title Lender. Historically that has been done by several lenders in Missouri, and presently at least eight – Ace

Cash Express, Inc., Buckeye Title Loans of Missouri, LLC, Cash BIZ, Check Into Cash, Great Plains Specialty Finance, Kansas City Title Loan Co., Inc., Money For You, LLC, and Rapid Cash Advance, LLC – are licensed by the Missouri Division of Finance as both a Consumer Installment Lender and Title Lender. (Appendix A).

Finally, Defendant's Suggestions note that Chapter 367.500 *et seq.* was amended by the Missouri Legislature "within the same legislative bills that enacted the `consumer installment loan' statute in 2001." As such, if the legislature had intended to make these type of loans exclusive of one another, it could have written that into law. It did not. In 2001, the Missouri Legislature could have written in the word "alternative" as Defendant's Suggestions argue, but it did not.

### 3. Rules Of Statutory Construction Support A Determination That The More Specific Title Loan Statute Controls

Defendant's Suggestions admit that the Missouri Legislature, when it last amended Chapter 367.500 *et seq.* in 2001, added certain mandatory disclosures to the Title Loan Statutes that it deemed as necessary for consumer protection in situations when the consumer is providing their motor vehicle title. The fact that both the Title Loan Statutes and the Consumer Installment Loan Statute were enacted/amended in the same year indicates that the more specific statutory protections and requirements contained in the Title Loan Statutes should control.

"Where two statutes addressing the same subject matter are in conflict and cannot be harmonized, the more specific statute controls over the more general statute." *City of Kansas City v. Chung Hoe Ku*, 282 S.W.3d 23, 28 (Mo. App. W.D. 2009); *see also, MFA Petroleum Co. v. Director of Revenue,* 279 S.W.3d 177, 178 (Mo. Banc 2009); *Knight v. Carnahan*, 282 S.W.3d 9, 20-21 (Mo. App. W.D. 2009); *Florida RSA #8, LLC v. City of Chesterfield, Missouri*, 416 F.Supp. 2d 725, 733 (E.D. Mo. 2006)(citing *State v. Wilson*, 55 S.W.3d 851, 854 (Mo. App. 2001)); *Grospitz v. Abbott*, 2005 WL 2649707 at *7 (W.D. Mo. October 17, 2005)(citing *Greenbriar Hills Country*

*Club v. Director of Revenue*, 935 S.W.2d 36, 38 (Mo. 1996)(en banc); *Matosantos Commercial Corp. v. SCA Tissue North America, LLC*, 329 F.Supp.2d 255 (D. P. R. 2004); *Kansas City Power & Light Co. v. Western Resources, Inc.*, 939 F.Supp. 688, 693 (W.D. Mo. 1996); *Almonte, P.P.A. v. New York Medical College*, 851 F.Supp. 34, 38 (D. Conn. 1994).

Applying this rule of statutory interpretation and the cases referenced above to the two consumer statutes at issue, this Court should reject Defendant's Motion and determine that the more specific Title Loan Statutes control over the more general Consumer Installment Loan Statute.

Defendant's two cited cases of *Turner v. School District of Clayton*, 318 S.W.3d 660 (Mo. Banc 2010), and *StopAquila.Org v. City of Peculiar*, 208 S.W.3d 895 (Mo. Banc 2006) do not support the dismissal Defendant seeks in this case. The *Turner* case supports Plaintiffs in that the more specific statute was determined to control over the general. In addition and as noted above, *Turner* supports Plaintiffs in that it is Defendant's interpretation of the Missouri Statutes that adds language which the Legislature did not write into the Statutes. Further, there are no facts presented in either of these two cases analogous to this matter in which TitleMax has marketed itself as a "title lender" issuing "title loans" so as to make it squarely fall within the Missouri Title Loan Statutes.

### D.    Defendant's Motion On Counts II Through IX Involves Disputed Facts

Even if the Court were to accept Defendant's legal position that the various Missouri consumer loan statutes are alternative, Defendant's Motion to Dismiss Counts II through VII should be rejected based on the disputed factual issue as to whether TitleMax is really engaged in "title lending" such that its loans are "title loans" which require the various disclosures pursuant to §367.500 *et seq.* Plaintiffs' First Amended Complaint includes many facts which are to be taken as true at this stage and which squarely controvert Defendant's alleged facts.

Plaintiffs' facts include the following related to TitleMax's advertising and marketing in Missouri: (a) TitleMax's television commercials aired in the State of Missouri advertise "title loans"

issued by TitleMax; (b) TitleMax's store-front signs in Missouri advertise its "title loans;" (c) TitleMax's telephone listings have been under the heading "Title Loans;" (d) TitleMax's phones in Missouri are answered, "We are having a great day here at TitleMax. Can we interest you in a title loan today?"; and, (e) TitleMax's on-line advertising in Missouri markets its loans as "title loans."

Plaintiffs' facts also include the following admissions from Defendant and its officers and managers that TitleMax is engaging in title lending and issuing title loans in Missouri:

* On or about December 1, 2010, TitleMax CEO, Secretary, and Treasurer Tracy Young signed the business license application for the TitleMax location on 7 Highway in Blue Springs, Missouri, certifying that the information given in the application was true to the best of CEO Young's knowledge and belief. In the business application, TitleMax included "Title Loans" as one of its types of business.

* On or about July 30, 2010, TitleMax CEO, Secretary, and Treasurer Tracy Young signed the business license application for the TitleMax location on 40 Highway in Blue Springs, Missouri, certifying that the information given in the application was true to the best of CEO Young's knowledge and belief. In the business application, TitleMax included "Title Loans" as its one of its types of business.

* On or about September 15, 2009, a TitleMax Branch Manager signed the business license application for the TitleMax location on 350 Highway in Raytown, Missouri, declaring under penalty of law that the information given in the application was true and correct to the best of that Branch Manager's knowledge and belief. In the business application, TitleMax stated "Title Lending" as its "nature of business."

* On a 2010 business license application for the TitleMax location on 24 Highway in Sugar Creek, Missouri, Store Manager Quinton Bryson signed and described TitleMax's business at that location as "Title Pawn."

* On a 2007 business license application for the TitleMax location in Cape Girardeau, Missouri, TitleMax stated as follows as a "Brief Description Of Business Activity": "Title loans on customer's vehicle."

* On a March 2, 2010, business license application for the TitleMax location in Deslodge, Missouri, TitleMax stated its type of business to be "Title Pawn."

Plaintiffs' facts further include admissions contained in public reports of Defendant's then-parent company that "In South Carolina, Missouri, and Illinois, title loans receivable consist of 24-

month _**title loans**_ with payments of principal and interest due on a monthly basis" and that TitleMax of Missouri, Inc. is a _**title-lending subsidiaries**_."  (Emphasis added).

Defendant counters these facts with its facts related to the lending license it has sought in Missouri, but Defendant's facts do not negate those set forth by Plaintiffs in the First Amended Complaint.  Such factual disputes are not appropriate for ruling at this motion to dismiss stage, but instead should be presented to the Court after full discovery and development of the factual record.

### E.     Plaintiffs Have A Right Of Action To Enforce Sections of §367.500, _et seq._

With regard to Counts IV through VII, Defendant asserts Plaintiffs' claims should be dismissed because the language in those specific Counts references a provision, Section 408.562, that does not provide a right of action for the specific claims asserted by Plaintiffs.  Defendant has not proven it is entitled to relief and that 408.562 does not apply to all Title Loan Statutes.  However, and without regard to whether Section 408.562 applies, Plaintiffs' First Amended Complaint references Section 407.025 in paragraphs 113-121 as separate bases for the claims asserted each of these Counts.

### F.     Plaintiffs Have Adequately Pleaded MPA Viations

With regard to Counts II and III, Defendant claims Plaintiffs have not alleged that TitleMax committed any deceptive, unfair, or fraudulent act.   Plaintiffs have adequately alleged MPA violations in paragraphs 119(a)-(e) and elsewhere in the First Amended Complaint.  Defendant's arguments in this section are essentially the same as those responded to above with regard to whether the Title Loan Statutes apply to TitleMax.

With regard to Counts II, III, VIII, and IX, Defendant claims Plaintiffs have not properly plead that TitleMax's alleged deceptive practices caused them to sustain some ascertainable loss. Plaintiffs have adequately plead such loss in paragraphs 121, 126, and 170 of the First Amended Complaint.  _**See, Hooper v. Advance America**_, Case No. 08-04045-CV-C-NKL, at p. 9 (W.D. Mo.

July 15, 2008)("The nature of Plaintiffs' MPA and payday loan allegations, read as a whole, are sufficient to put Advance on notice of Plaintiffs' claims for losses resulting from Advance's actions")(referencing ***Streamcast Networks, Inc. V. IBIS LLC***, No. CV 05-04239, 2006 WL 5720345, at *5 (C.D. Cal. May 2, 2006) and ***Wendler & Ezra, P.C. v. AIG, Inc.***, No. 04-CV-641, 2005 WL 1847085, at *3 (S.D. Ill. Aug. 3, 2005).

With further regard to Count IX, Defendant claims that only the attorney general may bring a claim for violation of Section 367.506, Plaintiffs have alleged Defendant's conduct was deceptive in violation of the Merchandising Practices Act. Finally, Defendant's Motion references proposed legislation in a couple of instances, however such proposed legislation is not a basis for dismissing Plaintiffs' First Amended Complaint at this stage.

In the event the Court determines that Plaintiffs have not adequately plead any of these matters, Plaintiffs request the Court provide them leave to file an amended Complaint.

### G. Plaintiffs Have Standing

Defendant contends in its Motion that Plaintiffs Gardner and Duckworth do not have standing for the Count I challenge to the uniform arbitration provision contained in Defendant's standard loan agreements because they mailed written opt-out requests to TitleMax within the 60-day period after each's loan agreement was entered. Plaintiffs Coleman and VanOster are presently challenging the class action waiver and arbitration provisions. Without regard for whether Plaintiffs Gardner and Duckworth are able to challenge Defendant's arbitration provision in the Declaratory action set forth in Count I, both are able to serve a Class Representatives. Further, as Class Representatives, both are able to represent persons who have not opted out since Defendant's class action waiver and arbitration provisions are unenforceable under Missouri law.

### V. CONCLUSION

Based on the above, Defendant's Motion to Dismiss should be denied in its entirety.

Respectfully submitted,

HUBBARD & ARDEBILI, L.L.C.


By:   /s/ Dirk Hubbard
      Dirk Hubbard, Mo #37936
      Amir Ardebili,  Mo. #61520
      256 NE Tudor Rd.
      Lee's Summit, Missouri 64086
      Telephone:     (816) 600-2614
      Fax:              (816) 600-2633
      dhubbard@halawllc.com

WHITE, ALLINDER, GRAHAM,
BUCKLEY & CARR, L.L.C.
      Gene P. Graham, Jr., Mo#     34950
      19049 East Valley View Parkway, Suite C
      Independence, Missouri 64055
      (816) 373-9080 Fax: (816) 373-9319
      ggraham@wagblaw.com

THE SIMON LAW FIRM, P.C.
      John Campbell, #543242
      701 Market Street, Suite 1450
      St. Louis, Missouri 63101
      314-241-2929
      Fax: 314-241-2020
      jcampbell@simonlawpc.com

ATTORNEYS FOR PLAINTIFF AND
OTHERS SIMILARLY SITUATED


## CERTIFICATE OF SERVICE

I hereby certify that notice of such filing was made electronically to Defendant's counsel pursuant to the Electronic Case Filing Rules of the Western District of Missouri this 4th day of April, 2011.


      /s/ Dirk Hubbard
      Dirk Hubbard