IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MELISSA GARDNER, | ) | |
| LISA DUCKWORTH, | ) | |
| MARGARET VANOSTER, and | ) | |
| ANGELA COLEMAN, | ) | |
| Individually and on Behalf of All | ) | |
| Others Similarly Situated | ) | |
| | ) | |
| Plaintiffs | ) | Case No. 4:11-CV-00100-NKL |
| -vs- | ) | |
| | ) | |
| TITLEMAX OF MISSOURI, INC., | ) | |
| d/b/a TITLEMAX | ) | |
| Defendant. | ) | |

## PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFFS COLEMAN AND VAN OSTER TO INDIVIDUAL ARBITRATION AND DISMISS OR STAY PROCEEDINGS

Dirk Hubbard, Mo #37936
Amir Ardebili, Mo. #61520
HUBBARD & ARDEBILI, L.L.C.
256 NE Tudor Rd.
Lee's Summit, Missouri 64086
Telephone: (816) 600-2614
Fax: (816) 600-2633
dhubbard@halawllc.com

Gene P. Graham, Jr., Mo# 34950
WHITE, ALLINDER, GRAHAM,
BUCKLEY & CARR, L.L.C.
19049 East Valley View Parkway, Suite C
Independence, Missouri 64055
(816) 373-9080 Fax: (816) 373-9319
ggraham@wagblaw.com

John Campbell, #543242
THE SIMON LAW FIRM, P.C.
701 Market Street, Suite 1450
St. Louis, Missouri 63101
314-241-2929
Fax: 314-241-2020
jcampbell@simonlawpc.com

ATTORNEYS FOR PLAINTIFF AND
OTHERS SIMILARLY SITUATED

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................. 1

II. FACTUAL BACKGROUND .................................................. 1

III. STANDARD OF REVIEW ..................................................... 3

IV. ARGUMENT ........................................................................ 3

    A. Defendant's Arbitration Clause Is Unconscionable ....................... 3

        1. This Court Should Determine Whether Defendant's Arbitration Clause Is Enforceable ............................... 3

        2. Missouri Contract Law Applies In Scrutinizing Defendant's Arbitration Clause ............................... 3

        3. Defendant's Class Action Waiver and Arbitration Clause Are Unconscionable ........................................ 5

        4. Additional Missouri Law Application – Procedural Unconscionability .. 7

        5. Additional Missouri Law Application – Substantive Unconscionablility. 9

    B. If this Court Cannot Conclude as a Matter of Law Defendant's Clause is Unconscionable, then Plaintiffs should be Granted Discovery ............... 12

V. CONCLUSION ..................................................................... 12

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591, 617 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Amirmotazedi v. Viacom, Inc.*,
    2011 WL 802134 (March 9, 2011 D.D.C.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Buckeye Check Cashing, Inc. v. Cardegna*,
    546 U.S. 440 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Doerhoff v. General Growth Properties*,
    2006 WL 3210502 (W.D. Mo. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Fay v. New Cingular Wireless, PCS, LLC*,
    2010 WL 4905698 (E.D. Mo. Nov. 24, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

*Kristian v. Comcast Corp.*,
    446 F.3d 25, 54 (1st Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Lozada v. Dale Baker Oldsmobile, Inc.*,
    91 F.Supp.2d 1087, 1105 (W.D. Mich. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Luna v. Household Finance Corp. III*,
    236 F.Supp.2d 1166 (W.D. Wash. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Par-Kniot Mills, Inc. v. Stockbridge Fabrics Co.*,
    636 F.2d 51, 54 n. 9 (3d Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Perry v. Thomas*,
    482 U.S. 483 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Reeves v, Chase Bank USA, NA*,
    2008 WL 2783231 (E.D. Mo. July 15, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Stolt-Nielsen v. Animal Feeds International Corp.*,
    ___ U.S. ___, 130 S.Ct. 1758, 1776, 176 L.Ed.2d 605 (2010) . . . . . . . . . . . . . . . . . . . 4

**STATE CASES**

*Brewer v. Missouri Title Loans*,
    323 S.W.3d 18, 22 (Mo 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

*Funding Sys. Leasing Corp. V. King Louie Int'l, Inc.*,
    597 S.W.2d 624, 634 (Mo. App. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 8

*Manfredi v. Blue Cross and Blue Shield of Kansas City*,
    2011 WL 588618 (Mo. App. W.D. March 29, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*Muhammad v. County Bank of Rehoboth Beach*,
    912 A.2d 88, 97 (N.J. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Scott v. Cingular Wireless*,
    161 P.3d 1000, 1005 (Wash. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*State ex rel. Vincent v. Schneider*,
    194 S.W.3d 853, 856-61 (Mo. banc 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Swain v. Auto Servs., Inc.*,
    128 S.W.3d 103, 107 (Mo. App. E.D. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Whitney v. Alltel Communications, Inc.*,
    173 S.W.3d 300, 308-314 (Mo. App. 2005) . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7, 9, 10

*Woods v. QC Financial Services*,
    280 S.W.3d 90 (Mo. App. E.D. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**FEDERAL RULES**

9 U.S.C.A. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Fed.R.Civ.P. Rule 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATE STATUTES**

R.S.Mo. §367.500, *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# I. INTRODUCTION

Plaintiffs Melissa Gardner, Lisa Duckworth, Margaret Vanoster, and Angela Coleman, on behalf of themselves and the putative class set forth in Plaintiffs' First Amended Complaint, bring this action against Defendant TitleMax of Missouri, Inc. ("TitleMax") for holding itself out in Missouri as a title lender that issues title loans, for failing to comply with the Missouri Title Loan Statutes, R.S.Mo. §367.500, *et seq.*, and for violations of the Missouri Merchandising Practices Act.

Defendant has filed a Motion to Compel Plaintiffs Coleman and VanOster to Individual Arbitration and Dismiss or Stay Proceedings ("Motion"). Defendant's Motion should be denied because its arbitration clause and class action waiver are procedurally and substantively unconscionable under Missouri law. In the alternative, Plaintiffs should be allowed 90 additional days to conduct targeted discovery on the arbitration issues prior to the Court ruling.

# II. FACTUAL BACKGROUND

Plaintiffs bring this case as a putative class action alleging that Defendant TitleMax has violated the Missouri Title Loan Statutes and Merchandising Practices Act in failing to disclose the monthly interest rate, in failing to make other disclosures required under the Missouri Title Loan Statutes, and in holding itself out as a title lender in the State of Missouri. Plaintiffs have provided a factual background with regard to their claims in their response to Defendant's Motion to Dismiss Plaintiff Gardner and Duckworth's First Amended Complaint.

The form loan agreement utilized by TitleMax with its Missouri consumers contained an arbitration provision and class action waiver provision. Defendant's "Arbitration Agreement" includes, in part, the following language:

> "2. You acknowledge and agree that by entering into this Arbitration Provision:
>
> **(a) YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED TO THIRD PARTIES;**

> (b) **YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and**
>
> (c) **YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OR CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**
>
> 3. Except as provided in Paragraph 6 below, all disputes including any Representative Claims against us and/or related third parties shall be resolved by binding arbitration only on an individual basis with you. **THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION."**

Defendant's purported "Arbitration Agreement" also includes, in part, the following language:

> "9. **OPT-OUT PROCESS.** You may choose to opt-out of this Arbitration Provision but only by following the process set-forth below. If you do not wish to be subject to this Arbitration Provision, then you must notify us in writing within sixty (60) calendar days of the date of this Loan Agreement at the following address: Attn: Legal Dept, P.O. Box 8323, Savannah, GA 31412. Your written notice must include your name, address, Account number, the date of this Loan Agreement, and a statement that you wish to opt out of the Arbitration Provision. If you choose to opt out, then your choice will apply only to this Loan Agreement."

Plaintiffs Vanoster and Coleman did not opt out of the Waiver of Jury Trial and Arbitration Provisions contained in the loan agreement. Defendant has admitted that, from 2005 to the present, no Missouri consumers other than Plaintiffs Gardner and Duckworth – both of whom had counsel at the time – have ever mailed in the necessary paperwork to opt out of the class action waiver and arbitration provisions. ***Exhibit A – Defendant's Response to Plaintiff's First Interrogatories***, Nos. 15-18. Further, Defendant has admitted that, from 2005 to the present, no Missouri consumer has been able to proceed with a claim against it in arbitration. ***Exhibit A,*** Nos. 11-14).

### III. STANDARD OF REVIEW

Motions to compel arbitration are reviewed under the summary judgment standard of Rule 56(c) of the Federal Rules of Civil Procedure. ***Par-Kniot Mills, Inc. v. Stockbridge Fabrics Co.***, 636 F.2d 51, 54 n. 9 (3d Cir. 1980); ***Amirmotazedi v. Viacom, Inc.***, 2011 WL 802134 (March 9, 2011 D.D.C.). Summary judgment should be granted only where there is no genuine issue as to any material fact and only when the uncontroverted facts show the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. Rule 56 (c). It is Defendant's burden to show the absence of any genuine issue of material fact. At the very minimum in this case, fact issues exist with regard to the procedural and substantive unconscionability of the arbitration and class action wavier provisions.

### IV. ARGUMENT

#### A. Defendant's Arbitration Clause Is Unconscionable

##### 1. This Court Should Determine Whether Defendant's Arbitration Clause Is Enforceable

Challenges to arbitration clauses are to be resolved by the court. ***Buckeye Check Cashing, Inc. v. Cardegna***, 546 U.S. 440, 445-46 (2006)("unless the challenge is to the arbitration clause itself," the arbitrator decides the issue of a contract's validity); ***Amirmotazedi v. Viacom, Inc.***, 2011 WL 802134 (March 9, 2011 D.D.C.)("By the same token, if the challenge is to the arbitration clause itself, the issue is to be considered by the court in the first instance"); ***Reeves v, Chase Bank USA, NA***, 2008 WL 2783231 (E.D. Mo. July 15, 2008)("this court will decide only whether the arbitration clause is unconscionable); ***<u>Swain v. Auto Servs., Inc.</u>***, 128 S.W.3d 103, 107 (Mo. App. E.D. 2003)(holding that "generally applicable state law contract defenses, such as fraud, duress and unconscionability, may be used to invalidate arbitration agreements without contravening the FAA").

##### 2. Missouri Contract Law Applies In Scrutinizing Defendant's Arbitration Clause

Under the Federal Arbitration Act ("FAA"), arbitration clauses are enforceable "save upon

such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2. In *Perry v. Thomas*, the United States Supreme Court explained that "state law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." 482 U.S. 483, 491 (1987). The Missouri Supreme Court recently noted that the "interplay between [a litigant's] state law unconscionability defense and the FAA" was "informed by the recent decision in *Stolt-Nielsen v. Animal Feeds International Corp.*, ___ U.S. ___, 130 S.Ct. 1758, 1776, 176 L.Ed.2d 605 (2010)." *Brewer v. Missouri Title Loans*, 323 S.W.3d 18 (Mo 2010). The *Brewer* Court noted as follows:*,*

> " In *Stolt-Nielsen*, the Supreme Court held that where an arbitration agreement is silent with respect to class arbitration, the parties cannot be compelled to submit the dispute to class arbitration. The Court premised its holding on the notion that arbitration is fundamentally a matter of consent, and, as a result, an arbitrator's authority over claims and parties is limited by the scope of the arbitration agreement. *Id.* at 1774-75. Therefore, `it follows that a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding the party agreed to do so.' *Id.* at 1775. Because the parties in *Stolt-Nielsen* had reached no agreement on the issue of class arbitration, there was no contractual basis for concluding there was consent to class arbitration. *Id.* Without consent, the arbitrator lacked authority to act. *Id.*"

*Id.*.

In Missouri, courts have held that "generally applicable state law contract defenses, such as fraud, duress and unconscionability, may be used to invalidate arbitration agreements without contravening the FAA." *Swain v. Auto Servs., Inc.*, 128 S.W.3d 103, 107 (Mo. App. E.D. 2003). Therefore, Defendant's arbitration clauses are to be assessed by this Court using Missouri State law. If the contract provision is unconscionable, it is unenforceable, and unconscionability is a general contract state law defense. *See generally* 9 U.S.C.A. §2; *Buckeye Check Cashing, Inc. V. Cardegna*, 546 U.S. 440 (2006).

An unconscionable arbitration provision in a contract will not be enforced. *See State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 856-61 (Mo. banc 2006)(invalidating as unconscionable

-4-

arbitration clauses requiring the consumer to pay for all arbitration fees and allowing an entity related to one of the parties to select the arbitrator)); ***Whitney v. Alltel Communications, Inc.***, 173 S.W.3d 300, 308-314 (Mo. App. 2005)(invalidating as unconscionable an arbitration provision barring consumer claims from being raised as class actions).

There are two types of unconscionability: procedural and substantive. ***Brewer v. Missouri Title Loans***, 323 S.W.3d 18, 22 (Mo 2010). The ***Brewer*** Court further explained these two types of unconscionability as follows:

> "Procedural unconscionability relates to the formalities of the making of an agreement and encompasses, for instance, fine print clauses, high pressure sales tactics or unequal bargaining positions. ***Woods***, 280 S.W.3d at 94 (citing ***Whitney***, 173 S.W.3d at 308). Substantive unconscionability refers to the undue harshness in th contract terms. ***Whitney***, 173 S.W.3d at 308 (quoting ***Funding Sys. Leasing Corp. V. King Louie Int'l, Inc.***, 597 S.W.2d 624, 634 (Mo. App. 1979). "

***Id.*** at 22.

Further, in ***Brewer***, the Missouri Supreme Court makes clear that, "[u]nder Missouri law, unconscionability can be procedural, substantive or a combination of both." ***Id.*** ("Missouri law does not require the party claiming unconscionability to prove both procedural and substantive unconscionability").

### 3. Defendant's Class Action Waiver and Arbitration Provision Are Unconscionable

In ***Brewer,*** the Missouri Supreme Court found that the class arbitration waiver contained in the title loan agreement was unconscionable and unenforceable. The lower court had stricken just the class waiver and ordered the arbitrator to determine whether the class action could proceed in arbitration, but the Missouri Supreme Court found that entire arbitration provision was invalidated such that putative class action could proceed in court. The ***Brewer*** Court's analysis with regard to procedural unconscionability was as follows:

> "The evidence in this case supports the trial court's determination that the class

> arbitration waiver is unconscionable. With respect to procedural unconscionability, there was evidence that the loan agreement was non-negotiable and difficult for the average consumer to understand and that Missouri Title Loans was in a superior bargaining position. As Brewer notes, this evidence is virtually identical to ***Woods***, 280 S.W.3d at 96, in which the court of appeals affirmed a judgment finding that a class arbitration waiver provision contained in payday lender's loan contract was unconscionable. As in the present case, the evidence in ***Woods*** demonstrated that the lender was in a superior bargaining position because the high-interest loan agreement was offered to people in financial distress on a take-it or leave-it basis. As in ***Woods***, there is sufficient evidence in this case to support the trial court's finding of procedural unconscionability."

***Id.*** Similar facts alleged in this matter support Plaintiffs' claim that TitleMax's arbitration agreement and class action waiver are procedurally unconscionable.

The ***Brewer*** Court also found the arbitration agreement to be substantively unconscionable:

> "Brewer also introduced substantial evidence of substantive unconscionability. Brewer presented expert testimony from three consumer lawyers who testified it was unlikely that a consumer could retain counsel to pursue individual claims . . . ."
>
> * * * * * * * * * *
>
> "Furthermore, because Brewer proved that the class arbitration waiver was unconscionable, the unavailability of class arbitration under the FAA means that the entire agreement is rendered unconscionable. Given that class arbitration is not an option in this case, the only way to remedy the unconscionability in this case is to strike the entire arbitration agreement."

***Id.***

Missouri cases prior to ***Brewer*** also consistently held that a clause prohibiting class actions is unconscionable when it immunizes the defendant. **See Whitney v. Alltel**, 173 S.W.3d 300 (Mo. App. W.D. 2005); **State ex rel. Vincent v. Schneider**, 194 S.W.3d 853 (Mo. 2006). Each of these cases holds that class action waivers in consumer contracts are unconscionable when relatively small damages are involved and a defendant is immunized by the waiver. The ***Whitney*** court recognized that relatively small damages were not enough to encourage individual resolution of disputes and that if the clause were enforced, defendant could continue breaking the law *ad infinitum*. ***Id.*** at 309.

The analysis and holding of ***Brewer*** and ***Whitney*** support denial of Defendant's Motion.

### 4. Additional Missouri Law Application – Procedural Unconscionablility

In addition to the *Brewer* case support for outright denial of Defendant's Motion, additional Missouri case law supports Plaintiffs' position that Defendant's class action waiver and arbitration provisions are procedurally unconscionable.

[P]rocedural unconscionability concerns the contract formation process, and focuses on high pressure exerted on parties, fine print on the contract, misrepresentation, or unequal bargaining position." ***Funding Sys. Leasing Corp. v. King Louie Int'l***, 597 S.W.2d 624, 634 (Mo. App. W.D. 1979). Courts should apply the objective "reasonable expectations" test when considering procedural unconscionability, since standardized contracts are addressed to the average member of the public who accepts the contract. *See **Whitney v. Alltel***, 173 S.W.3d 300 (Mo. App. W.D. 2005).

Defendant's class action waiver and arbitration provisions are procedurally unconscionable under Missouri law in that there is a disparity of bargaining power between TitleMax and its customers. (First Amended Complaint, ¶92). When a large company deals with an individual consumer, the company has superior bargaining power.

Defendant's class action waiver and arbitration provisions are also procedurally unconscionable under Missouri law in that the provision could not be easily read or understood. Defendant's arbitration provision is on half of page two and the remainder of page three of a lengthy agreement. It contains more than 1900 words, many of them technical. It is not easily read or understood by the ordinary consumer, with one sentence containing 190 words. Titlemax did not have consumers separately sign or initial next to the beginning of its "Waiver of Jury Trial and Arbitration Provision", nor did it have consumers separately sign or initial next to the provisions of paragraphs 2 or 3.

Defendant's class action waiver and arbitration provisions are also procedurally unconscionable under Missouri law in that the arbitration provision was a contract of adhesion.

(First Amended Complaint, ¶93 ). Contracts of adhesion are presented on a take-it-or-leave-it basis, commonly in a standardized form, without opportunity for the consumer to negotiate. These contracts usually involve unequal bargaining power of a large corporation versus an individual. Such contracts evidence characteristics of procedural unconscionability. In this case, the agreement is standardized and non-negotiable. Nothing about the opt-out "opportunity" – with its built-in hurdles rather than something that could be simply checked "no" on the form – takes away from the adhesive nature of the loan agreement or the class action waiver and arbitration provisions. Indeed, Defendant has admitted that no Jackson County consumers other than Plaintiffs Gardner and Duckworth have ever mailed in the necessary paperwork to opt out of Defendant's class action waiver and arbitration provisions. (***See Exhibit A – Defendant's Response to Plaintiff's First Interrogatories***, Nos. 15-18).

Further, companies such as TitleMax are "at a higher advantage" in that they are "lending money to financially distressed individuals who [are] more willing to accept the defendant's terms in order to secure the loans." ***Fay v. New Cingular Wireless, PCS, LLC***, 2010 WL 4905698 (E.D. Mo. Nov. 24, 2010)(referring to ***Brewer***).

In the recent case of ***Manfredi v. Blue Cross and Blue Shield of Kansas City***, 2011 WL 588618 (Mo. App. W.D. March 29, 2011), procedural unconscionability was found to exist in an arbitration clause and agreement entered into between a chiropractor and a health care insurer. This finding was supported, in part, because a "standardized form was utilized, and the terms were non-negotiable." Further, "a large disparity existed in the bargaining power of the parties." The ***Manfredi*** Court determined that the "level of procedural unconscionability present in this case rises to such heights that the Agreement can only be characterized as a contract of adhesion." ***Id.*** at *4. This Court should find the same with regard to TitleMax's class action waiver and arbitration provisions.

### 5. Additional Missouri Law Application – Substantive Unconscionablility

Additional Missouri case law also supports Plaintiffs' position that Defendant's class action waiver and arbitration provisions are substantively unconscionable.

Substantive unconscionability is an "undue harshness in the contract terms themselves." ***Funding Sys. Leasing Corp. v King Louie Int'l, Inc.***, 597 S.W.2d 624, 634 (Mo. App. W.D. 1979). In evaluating whether substantive unconscionability exists in a form contract, Missouri courts consider the reasonable expectations of the average consumer. ***Whitney v. Alltel***, 173. S.W.3d 300, 309.

Defendant's class action waiver and arbitration provision deprive Plaintiffs VanOster and Coleman of their statutory right to join in a class action against TitleMax. Under Missouri's Merchandising Practices Act ("MPA"), a person who suffers an ascertainable loss is entitled to institute an action <u>as a representative of a class</u> against one or more defendants where "the unlawful method, act or practice has caused similar injury to numerous persons." Mo. Rev. Stat. §§ 407.025.1 & 407.025.2. To deprive consumers of a class action is to, *per se,* take away a statutory right. A Michigan federal court understood this principle, holding as follows:

> "Further, even if the waiver of judicial forum was not substantively unconscionable with respect to TILA claims, under the Michigan Consumer Protection Act, the availability of class recovery is explicitly provided for and encouraged by statute. Because the arbitration agreement prohibits the pursuit of class relief, it impermissibly waives a state statutory remedy."

***Lozada v. Dale Baker Oldsmobile, Inc.***, 91 F.Supp.2d 1087, 1105 (W.D. Mich. 2000). Taking away statutory rights runs afoul of the fundamental rule that Plaintiffs must be able to vindicate their statutory rights in the arbitral forum.

In addition, Defendant's class action waiver and arbitration provision make it practically impossible for parties to bring meritorious claims. The United States Supreme Court has recognized the important role class actions serve. The core purpose of class actions is to "overcome the problem

that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). Other courts have concurred. *See Scott v. Cingular Wireless*, 161 P.3d 1000, 1005 (Wash. 2007)(noting that individual actions by defrauded customers are often impracticable because the individual recovery would be insufficient to justify bringing a separate action and unscrupulous sellers would have the advantage); *Kristian v. Comcast Corp.*, 446 F.3d 25, 54 (1st Cir. 2006)("bar on class arbitration threatens the premise that arbitration can be a fair and adequate mechanism for enforcing statutory rights"); and *Muhammad v. County Bank of Rehoboth Beach*, 912 A.2d 88, 97 (N.J. 2006)(enforcement of class action waiver would mean that remedies in individual suits would be illusory and wrongs would be without redress).

*Whitney v. Alltel* concurs, barring a class action waiver "where the arbitration provision is so prohibitive as to effectively deprive a party of his or her statutory rights . . . ." 173 S.W.3d at 311. The *Whitney* court reasoned that consumers would not arbitrate their claims for small sums of money, which would result in immunity for the defendant. *Id.* at 314. The court determined that the class action prohibition "would effectively strip consumers of the protections afforded to them under the [MPA] and unfairly allow companies like Alltel to insulate themselves from the consumer protection laws of [Missouri]." *Id.* The *Whitney* Court also concluded that the financial disincentive to pursue these types of claims also negatively affects the average consumer's ability to find competent legal counsel. *Id.* at 300.

The class action mechanism remedies this problem. As the *Muhammad* Court noted, "a class action can produce a substantial fund to compensate . . . [the class members'] attorney for his services" and it "not only covers the attorney's actual fees, but also provides incentive in the form of possible contingency fees for attorneys to risk the prospect of receiving no recovery for their efforts." *Muhammad v. County Bank of Rehoboth Beach*, 912 A.2d 88, 97 (N.J. 2006)**.**

Class actions also function as a notice mechanism to other potential plaintiffs. The New Jersey Supreme Court wrote:

> "Moreover, without the availability of a class-action mechanism, many consumer victims may never realize that they may have been wronged . . . when they are being charged an excessive interest rate or a penalty for check bouncing, for example, few know or even sense that their rights are being violated. Nor, given the relatively small amounts at stake, would most consumers find it worthwhile to seek legal advice to determine whether this is the case."

*Id.* at 100.

In the present matter, the loans offered by Defendant are of limited amounts such that the recoveries on a case-by-case basis would be small. Costs to pursue such small damages claims individually would be significantly greater than the potential recovery, making it disadvantageous for any party or lawyer to pursue these claims. Further, according to Defendant's arbitration provision, if the consumer loses in arbitration, she is responsible for reimbursing Defendant for any money advanced for arbitration expenses. This provision pointedly discourages consumers from pursuing claims, because arbitration can be expensive.

Defendant has also insulated itself from negative precedent by relegating claims to individual arbitration (where results are confidential), and has neutered the efficiency of arbitration by eliminating class arbitration and joinder of claims in arbitration. Far from a form of alternative dispute resolution, Defendant's clause is an anti-dispute resolution clause designed to immunize TitleMax. The court in **Luna v. Household Finance Corp. III** stated it best, when it wrote:

> "Goals favoring arbitration of civil disputes must not be used to work oppression. When the goals given in support of a contract like this are used as a sword to strike down access to justice instead of a shield against prohibitive costs, we must defer to the overriding principle of access to justice."

236 F.Supp. 2d 1166, 1179 (W.D. Wash. 2002).

Finally, the recent Missouri case of **Manfredi v. Blue Cross and Blue Shield of Kansas City**, 2011 WL 588618 at *5 (Mo. App. W.D. March 29, 2011), also supports a finding of substantivve

unconscionability, finding that arbitration procedures that precluded review of a whole class of disputes unfairly favored the health care insurer.

### B. If this Court Cannot Conclude as a Matter of Law Defendant's Clause is Unconscionable, then Plaintiffs should be Granted Discovery

If this Court cannot conclude as a matter of law that Defendant's arbitration clause is unconscionable, Plaintiffs request a 90-day period to seek discovery to create a factual record to display how Defendant's class waiver functions in the real world. Courts have in the past granted such discovery. ***See, e.g., Doerhoff v. General Growth Properties***, 2006 WL 3210502 (W.D. Mo. 2006).

### V. CONCLUSION

Based on the above, Defendant's Motion should be denied in its entirety. In the alternative, ruling on Defendant's Motion should be delayed until after a sufficient period of time to allow for discovery on the arbitration issues.

Respectfully submitted,

HUBBARD & ARDEBILI, L.L.C.

By: /s/ Dirk Hubbard
Dirk Hubbard, Mo #37936
Amir Ardebili, Mo. #61520
256 NE Tudor Rd.
Lee's Summit, Missouri 64086
Telephone: (816) 600-2614
Fax: (816) 600-2633
dhubbard@halawllc.com

WHITE, ALLINDER, GRAHAM,
BUCKLEY & CARR, L.L.C.
Gene P. Graham, Jr., Mo# 34950
19049 East Valley View Parkway, Suite C
Independence, Missouri 64055
(816) 373-9080 Fax: (816) 373-9319
ggraham@wagblaw.com

THE SIMON LAW FIRM, P.C.
John Campbell, #543242
701 Market Street, Suite 1450
St. Louis, Missouri 63101
314-241-2929
Fax: 314-241-2020
jcampbell@simonlawpc.com

ATTORNEYS FOR PLAINTIFF AND
OTHERS SIMILARLY SITUATED

## CERTIFICATE OF SERVICE

    I hereby certify that notice of such filing was made electronically to Defendant's counsel pursuant to the Electronic Case Filing Rules of the Western District of Missouri this 4st day of April, 2011.

                         /s/ Dirk Hubbard
                         Dirk Hubbard