# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MELISSA GARDNER, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TITLEMAX OF MISSOURI, INC., )<br>d/b/a TITLEMAX, )<br>Defendant. ) | Case No. 4:11-CV-00100-NKL |

**DEFENDANT'S REPLY SUGGESTIONS IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFFS COLEMAN AND VANOSTER TO INDIVIDUAL ARBITRATION <u>AND DISMISS OR STAY PROCEEDINGS</u>**

Stephen J. Torline   MO # 49483
Sean D. Tassi        MO # 59718
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
(816) 983-8000
(816) 983-8080 (fax)
stephen.torline@huschblackwell.com
sean.tassi@huschblackwell.com

Kyle P. Seelbach     MO # 60382
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500 (telephone)
(314) 480-1505 (facsimile)
kyle.seelbach@huschblackwell.com

***Attorneys for TitleMax of Missouri, Inc.***

## INTRODUCTION

Plaintiffs failed to address a dispositive issue raised in Defendant's Motion to Compel Arbitration: the parties' contract clearly and unmistakably delegates exclusive authority to decide the validity of the Arbitration Provision to an arbitrator. Because Plaintiffs have not specifically challenged the delegation clause, the Court should follow the Supreme Court's controlling precedent in *Rent-A-Center, West, Inc. v. Jackson*, ___U.S. ___, 130 S. Ct. 2772 (2010) and enforce the parties' contractual delegation clause.

Even if the Court had the authority to decide the validity of the Arbitration Provision, Plaintiffs have not and cannot prove that the Arbitration Provision is unconscionable. Nothing about the terms of the Arbitration Provision or the way in which the Arbitration Provision was formed make it unduly harsh or one-sided. The Court should enforce the parties' contract to arbitrate and compel Plaintiffs to individual arbitration.

## ARGUMENT

**I. Under the Parties' Contract and the Supreme Court's Decision in *Rent-a-Center*, The Arbitrator—Not the Court—Has Exclusive Authority to Determine the Validity of the Arbitration Provision.**

Plaintiffs' First Amended Complaint ("Complaint") challenges the Arbitration Provision contained in their Loan Agreements as "unconscionable" and against public policy. Compl. at pp. 32-33. Plaintiffs, however, make no specific challenge to the "delegation provision" contained in the parties' Loan Agreement, *i.e.*, the parties' agreement that an arbitrator—and not a court—will determine "all claims, disputes, or controversies ... relating ... to ... the validity ... of this Arbitration Provision and any claim or attempt to set aside this Arbitration Provision."

In its Motion, TitleMax argued that because Plaintiffs did not specifically challenge the delegation clause, the arbitrator—and not a court—should determine threshold issues of validity and enforceability. Plaintiffs responded to that argument with just one sentence, summarily

concluding that: "Challenges to arbitration clauses are to be resolved by the court." Pls.' Sugg. in Opp. at p. 3. Plaintiffs failed to discuss the delegation clause or controlling Supreme Court precedent under which the delegation clause should be enforced.

In *Rent-A-Center,* the Supreme Court held that the enforceability of an arbitration provision containing a delegation clause ***must*** be decided by the arbitrator unless the party challenging the enforceability of the agreement specifically challenges the delegation clause. 130 S.Ct. at 2779 ("[U]nless [plaintiff] challenged the delegation provision specifically, we must treat it as valid under § 2 [of the FAA], and must enforce it under §§ 3 and 4 [of the FAA], leaving any challenge to the validity of the Agreement as a whole for the arbitrator").

Following *Rent-A-Center*, another court in this District recently compelled arbitration with facts almost identical to those here. In *Robinson v. Regions Bank, Inc.*, Case No. 10-3334-CV-S-RED (W.D. Mo. Jan. 11, 2011), Regions Bank moved to compel Robinson to individual arbitration based on an arbitration agreement contained in her deposit agreement.[1] *Id.* at 1. Similar to Plaintiffs here, Robinson argued that the arbitration agreement was unconscionable because it contained a class-waiver provision, but she did not specifically challenge the delegation clause. *Id.* at 5-6. The court held that because Robinson did not specifically challenge the delegation clause, the arbitrator—not the Court—had exclusive authority to determine the validity of the agreement. *Id.* at 6. The Court reasoned: "According to the Supreme Court, unless a party challenges the delegation provision specifically, the provision is considered valid and questions concerning the overall validity of the agreement are to be determined by the arbitrator." *Id.* at 5-6.

Here, just as in *Rent-A-Center* and *Robinson*, Plaintiffs and TitleMax clearly and unmistakably delegated all decisions related to the validity of the Arbitration Provision to the

---

[1] A copy of the *Robinson* opinion is attached hereto as Ex. A.

arbitrator. *See* VanOster Loan Agreement and Coleman Loan Agreement at ¶ 1, attached as Exs. 7 and 8 to Defs.' Sugg. in Supp. of its Mot. to Compel ("Loan Agreements"). Plaintiffs make no "specific" challenge to the delegation clause contained in the Arbitration Provision. Instead, as in *Rent-A-Center* and *Robinson*, Plaintiffs only challenge the overall validity.

Finally, Plaintiffs cite four cases in support of their one-sentence argument that the Court should determine the validity of the Arbitration Provision. Those cases do not support their argument. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006) (holding that the arbitrator decides enforceability where the entire contract was challenged); *Reeves v. Chase Bank USA*, 2008 WL 2783231 (E.D. Mo. July 15, 2008) (deciding the enforceability of the arbitration agreement where the issue of delegation was not raised); *Amirmotazedi v. Viacom, Inc.*, 2011 WL 802134 (D.D.C. March 9, 201) (holding that the court should decide a challenge to an arbitration provision based on mental capacity); *Swain v. Auto Serv., Inc.*, 128 S.W.3d 103 (Mo. Ct. App. 2003) (deciding validity where the issue of delegation was not raised).

The Court should enforce the parties' contract and compel arbitration to determine the validity of the Arbitration Provision.

## II. Plaintiffs Have Not And Cannot Prove That the Arbitration Provision Is Unconscionable.

Even if the Court had the authority to determine the enforceability of the Arbitration Provision, Plaintiffs have not and cannot prove that the Arbitration Provision is unconscionable.

### A. Plaintiffs Have The Burden Of Proving That The Arbitration Provision Is Unconscionable.

A party seeking to void an arbitration agreement based on unconscionability must prove—with evidence—that the agreement is unconscionable.[2] *McQuate v. White*, 389 S.W.2d

---
[2] Plaintiffs allege that Defendant must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a mater of law. Pls.' Br. at 3. "A dispute must be submitted to arbitration if there is a valid

206, 212 (Mo. 1965) (stating that "the burden of making a showing that the agreement is unfair is naturally on the party seeking to invalidate it"); *Grossman v. Thoroughbred Ford, Inc.*, 297 S.W.3d 918, 924 (Mo. Ct. App. 2009) (reversing and compelling arbitration where the party opposing arbitration "failed to demonstrate that the arbitration agreement was invalid"). An unconscionable agreement is one in which "no man in his senses and not under delusion would make, on the one hand, and as no honest and fair man would accept on the other, or one where there is an inequality so strong, gross, and manifest that it must be impossible to state it to one with common sense without producing an exclamation at the inequality of it." *Pleasants v. Am. Express Co.*, 541 F.3d 853, 857 (8th Cir. 2008) (interpreting Missouri law) (quotations omitted).

Plaintiffs have produced *no evidence* that enforcing the parties' agreement to arbitrate is unduly harsh or one sided. *See Cicle v. Chase Bank USA*, 583 F.3d 549, 554 (8th Cir. 2009) (reversing the trial court's decision to void an arbitration agreement containing a class-waiver).

### B. The Arbitration Provision is Not Substantively or Procedurally Unconscionable.

Plaintiffs contend that the Arbitration Provision is substantively and procedurally unconscionable. Plaintiffs' contentions are unsupported by evidence.

#### 1. The Class-Waiver Clause Does Not Make the Arbitration Provision Substantively Unconscionable.

Plaintiffs' principal argument is that the class-waiver clause renders the Arbitration Provision void as a matter of law. Without offering evidence in support, Plaintiffs argue that enforcing the class-waiver clause (1) denies them of competent legal counsel and (2) precludes their right to bring a class action.

---

agreement to arbitrate and the dispute falls within the scope of that agreement." *Berkley v. Dillard's Inc.*, 450 F.3d 775, 777 (8th Cir. 2006). Defendant has carried its burden. In fact, Plaintiffs do not contest that the parties have entered into an agreement to arbitrate their claims or that this matter falls within the scope of that agreement. Plaintiffs instead attempt to void the Arbitration Provision based on general contract defenses. As detailed in Section II, A, Plaintiffs have the burden of proving that defense. *See, e.g., Cicle*, 583 F.3d at 555.

Class-waiver clauses, however, are not *per se* unconscionable. *See, e.g., Cicle*, 583 F.3d at 555-6 (enforcing an arbitration agreement containing a class-waiver clause); *Pleasants*, 541 F.3d at 857 (holding that class-waiver clause did not make an arbitration agreement unconscionable); *Fay v. New Cingular, Wireless, PCS, LLC*, 2010 WL 4905698 at *3 (W.D. Mo. Nov. 24, 2010) (holding that class-waiver clause did not void an arbitration agreement).

The Missouri Supreme Court expressly rejected that class-action waivers are *per se* void in *Brewer v. Mo. Title Loans, Inc.*, 323 S.W.3d 18, 21 (Mo. 2010). The Court explained: "*Stolt-Nielsen* demonstrates that requiring individual arbitration can be reasonable and enforceable. It is only when the practical effect of forcing a case to individual arbitration is to deny the injured party a remedy ... [that] a requirement for individual arbitration is unconscionable." *Id.* (invalidating an arbitration agreement where the plaintiffs presented evidence—through affidavits and expert witnesses—of unconscionability). Compelling individual arbitration is only substantively unconscionable when the evidence before the court demonstrates that "a reasonable attorney would not take the suit if it could not be brought on a class basis ... ." *Id.* at 21.

Here, Plaintiffs have cited to the holdings of cases like *Brewer* and *Whitney*, but, unlike those cases, Plaintiffs have presented absolutely no evidence supporting their claim that compelling individual arbitration would preclude them from retaining reasonable legal counsel. Rather, Plaintiffs resort to sweeping, general assertions regarding how, in the absence of a class-action mechanism, they cannot assert their claims. Plaintiffs cannot carry their burden of showing unconscionability based on these bald assertions alone. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000) (recognizing that unsupported speculation and assumptions cannot alone be used to invalidate an arbitration agreement).

Plaintiffs' approach is telling, because empirical evidence demonstrates that individuals can and do assert small-dollar claims like the ones here without using a class mechanism. For example, attached hereto as Exhibit B are certified copies of fifty-six (56) petitions or complaints that have been filed in this District since approximately April of 2010. Not one of these cases was filed as a class action, and each plaintiff was represented by counsel. *See* Ex. B. All of these cases seek actual damages comparable to those here, and all of the cases seek attorney's fees. *See* Ex. B.

Kevin Case, shareholder and founder of the law firm of Case and Roberts, P.C. in Kansas City, Missouri, has provided a declaration regarding his practice that also negates Plaintiffs' unsupported claims.[3] Attorney Case is a member of the Missouri and Kansas bars. Ex. C at ¶ 2. Since 2006, Attorney Case has defended more than two hundred and fifty (250) individual claims involving the Missouri Merchandising Practices Act ("MMPA") in Missouri state and federal courts. Ex. C at ¶ 6. Although the actual damage claims will vary for each case, actual damages for some of these cases are less than $500.00. Ex. C at ¶ 7. A short list of the lawyers who have filed these individual MMPA cases are: (1) Dale Irwin; (2) Mitchell Burgess; and (3) Tim Dollar. Ex. C at ¶ 8. Attorney's fees have been requested in each of these cases. Ex. C at ¶ 8.

Attorney Case's declaration and the recently filed cases attached as Exhibit B are ***evidence*** that the availability of statutory attorney's fees and punitive damages sufficiently incentivize attorneys to prosecute legitimate individual claims where relatively small dollar amounts are at issue. In contrast, Plaintiffs present nothing but conclusory assertions and have made no effort to prove those assertions or meet their burden.

---

[3] A copy of the Case Declaration is attached hereto as Ex. C.

Additionally, the "real-world" application of the class-waiver clause does not limit Plaintiffs' rights or their substantive remedies. As demonstrated by *Pleasants, Cicle,* and *Fay* (all of which enforced arbitration agreements containing class-waiver clauses), Plaintiffs do not have a fundamental right to bring their claims as a class action.[4]

Furthermore, Plaintiffs have exactly the same substantive remedies available to them in arbitration as they would in this Court. *See* Loan Agreements at ¶ 5. Indeed, since Plaintiffs are asserting claims under the MMPA, Plaintiffs could recover attorney's fees or punitive damages through arbitration. *See Fay*, 2010 WL 4905698 at * 3 (enforcing an arbitration agreement containing a class-waiver provision, in part, because the agreement did not deny plaintiff of traditional remedies). Moreover, the Arbitration Provision provides that if Plaintiffs prevail at arbitration, TitleMax will be responsible for the arbitration fees. *See* Loan Agreements at ¶ 5. Courts tend to enforce arbitration provisions and reject unconscionability challenges where there are such provision. *See Fay*, 2010 WL 4905698 at *4 (holding that a class-waiver clause was not substantively unconscionable, in part, because defendant agreed to reimburse arbitration costs). Finally, the Arbitration Provision does not preclude Plaintiffs from pursuing this action in a small claims tribunal. *See* Loan Agreements at ¶ 6; *Cicle*, 583 F.3d at 555 (enforcing an arbitration agreement containing a class-waiver clause, in part, because the agreement did not preclude plaintiffs from litigating in a small claims tribunal); *see also Hale v. Cash Am. Pawn*, Case No. 08CY-CV05685 (Cir. Ct. Clay County Aug. 8, 2008) (awarding small-claims petitioner $1,050.00 in damages against payday lender less than two months after petition was filed);

---

[4] Any argument that the Arbitration Provision is invalid because it does not permit class actions is also preempted by the FAA. *Stolt-Nielsen*, 130 S. Ct. at 1773 (recognizing that the FAA's express purpose "is to ensure that private agreements to arbitrate are enforced according to their terms") (internal quotation marks omitted).

*Rainey v. Mo. Title Loans*, Case No. 046-236 (Cir. Ct. St. Louis City April 6, 2011) (reaching satisfactory resolution to small-claims suit filed against title lender within one month of filing).[5]

The facts and evidence here are readily distinguishable from the facts and evidence in cases like *Brewer* and *Whitney*. *See Shelnut v. AT&T Mobility*, 2011 WL 1225910 at *4 (W.D. Mo. March 30, 2011) (distinguishing *Brewer* and its progeny). Simply put, Plaintiffs have not and cannot prove that the class-waiver clause makes the Arbitration Provision unconscionable.

### 2. The Arbitration Provision Is Not Procedurally Unconscionable.

Plaintiffs' allegations of procedural unconscionability fall into two sets of claims: (1) the Arbitration Provision is a contract of adhesion because TitleMax possessed superior bargaining power; and (2) the Arbitration Provision "could not be easily read or understood." These claims could not be further from the truth.

#### a. The Arbitration Provision Is Not A Contract of Adhesion Because TitleMax Did Not Possess Superior Bargaining Power.

Not all form contracts are contracts of adhesion under Missouri law. *Vincent v. Schneider*, 194 S.W.3d 853, 857-8 (Mo. 2006) (stating that "the bulk of contracts signed in this country are [pre-printed], form contracts ... any rule automatically invalidating [such] contracts would be 'completely unworkable'") (modifications in original). Instead, "[a] contract of adhesion ... is a form contract that is created and imposed by the party with greater bargaining power." *Id.* at 857. The Court can only invalidate an arbitration agreement based on claims of adhesion and superior bargaining power if the party seeking to invalidate the agreement substantiates those claims with evidence of pressure or duress. *Id.* at 857 (holding that a party "cannot simply allege that a pre-printed contract is a contract of adhesion and offer no other proof on the matter"); *see Fallo v. High-Tech Inst.*, 559 F.3d 874, 878-9 (8th Cir. 2009) (finding

---

[5] A certified copy of the *Hale* and *Rainey* petitions and orders are attached hereto as Ex. D.

an arbitration provision valid, in part, because "the students presented no evidence that [defendant] used high-pressure sales tactics to coerce them into signing the enrollment agreement").

Here, Plaintiffs have not proven that TitleMax possessed superior bargaining power or that they were under duress when they agreed to arbitrate their disputes. In fact, the terms of the Arbitration Provision and the facts of this case prove that Plaintiffs' allegations are false. The Arbitration Provision was not a take-it-or-leave-it term of their Loan Agreements. To the contrary, TitleMax gave Plaintiffs the opportunity to weigh the benefits of arbitration against the benefits of litigation, and then decide which approach to dispute resolution was best for them. *See* Loan Agreements at ¶ 9; *see also Fay*, 2010 WL 4905698 at *3 (holding that arbitration was not a take-it-or-leave-it term because plaintiff was free to seek cell-phone service from a different provider). If Plaintiffs decided that they did not want to pursue arbitration, all they had to do was notify TitleMax of their decision in writing. *Id.* Indeed, as illustrated by co-Plaintiffs Melissa Gardner and Lisa Duckworth, both of whom elected to opt out of the Arbitration Provision, the Arbitration Provision was not a take-it-or-leave-it term of the Loan Agreements.[6] *See* Exs. 2, 5 and 6 attached to Def.'s Sugg. in Supp. of its Mot. to Compel.

Furthermore, TitleMax did not force Plaintiffs to make their decisions as to arbitrability at the time they entered into their Loan Agreements. Instead, Plaintiffs had sixty (60) days from the date they entered into their Loan Agreement to notify TitleMax that they wanted to opt out of the Arbitration Provision.[7] *See* Loan Agreements at ¶ 9. It is difficult to understand how

---

[6] Plaintiffs make reference to the opt-out procedure containing "built-in" hurdles because it did not contain a "check box." Pls.' Br. at 8. Plaintiffs, however, have not cited a single authority requiring the use of "check boxes" or suggesting that sending a one or two sentence letter is unconscionable.

[7] It is interesting that Plaintiff VanOster is challenging the Arbitration Provision. Since Plaintiff entered into her Loan Agreement with TitleMax on January 13, 2011, Plaintiff had until March 14, 2011 to opt out of the Arbitration Provision. *See* Loan Agreements at ¶ 9. Plaintiff VanOster filed her lawsuit on February 22, 2011 and has been

KCP-4117632-3

TitleMax could have pressured Plaintiffs into agreeing to arbitrate their claims when TitleMax gave Plaintiffs a sixty (60) day window to make that decision.

### b. The Format and Language of the Arbitration Provision is Not Procedurally Unconscionable.

Nothing about the format or the language of the Arbitration Provision makes it unconscionable. The terms of the Arbitration Provision are in exactly the same font as the rest of the Loan Agreements. *See* Loan Agreements; *Fay,* 2010 WL 4905698 at *3 (finding that an arbitration agreement containing a class-waiver clause was not unconscionable because it was not buried in fine print); *see also Pleasants*, 541 F.3d. at 857 (stating that the "conspicuous manner in which the arbitration clause was presented distinguishes this case from those which found the clauses invalid"). Furthermore, the Arbitration Provision and the class-waiver clause were introduced by boldfaced headings with all-caps font. *See* Loan Agreements; *Shelnut*, 2011 WL 1225910 at *4 (stating that "the terms of the arbitration provision are set out, not in fine print buried within the agreement, but in bold print, some capitalization"); *see also Cicle* 583 F.3d at 554 (stating "the arbitration agreement and class-action waiver were introduced by a boldfaced heading and a paragraph in all-uppercase font explaining the litigation rights that were being waived"). Nothing about the Arbitration Provision is unduly harsh or one sided.[8]

### CONCLUSION

For the reasons stated above, the Court should compel Plaintiffs to individual arbitration and grant TitleMax all other relief deemed just and equitable.

---

continuously represented by counsel who is presumably aware of her opt-opt right. *See* Docket No. 21. Even after TitleMax filed its Motion to Compel Arbitration on March 8, 2011, which specifically addressed her remaining opt-out right, Plaintiff VanOster did not avail herself of the opt-out.

[8] Plaintiffs should not be permitted to conduct additional discovery. Plaintiffs have already propounded interrogatories and document requests to TitleMax directed at the validity of the Arbitration Provision. Pls.' Br. at 2. And TitleMax provided written responses to Plaintiffs' discovery on March 14, 2011. Allowing Plaintiffs to conduct additional discovery would therefore be futile. *See Pleasants*, 541 F.3d at 857 (denying plaintiffs' request to conduct limited discovery on the validity of the arbitration provision).

DATED: April 21, 2011	BY:	HUSCH BLACKWELL LLP

    /s/ Stephen J. Torline
Stephen J. Torline	Mo. Bar #49483
Sean D. Tassi	Mo. Bar #59718
4801 Main, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080 (FAX)
stephen.torline@huschblackwell.com
sean.tassi@huschblackwell.com

Kyle P. Seelbach	Mo. Bar # 60382
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500
(314) 480-1505 (facsimile)
kyle.seelbach@huschblackwell.com

***Attorneys for TitleMax of Missouri, Inc.***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was automatically forwarded this 21st day of April, 2011 by the Court's ECF system to:

Dirk Hubbard
Amir Ardebili
Hubbard & Ardebili, L.L.C.
256 NE Tudor Road
Lee's Summit, Missouri  64086

Gene P. Graham, Jr.
White, Allinder, Graham, Buckley & Carr, L.L.C
19049 East Valley View Parkway, Suite C
Independence, Missouri 64055

John Campbell
The Simon Law Firm, P.C.
701 Market Street, Suite 1450
St. Louis, Missouri 63101

*Attorneys for Plaintiffs*

              /s/ Stephen J. Torline
              Attorney